Present: All the Justices

PATRICIA ANN JUSTUS
                                        OPINION BY
v.  Record No. 061218     JUSTICE LAWRENCE L. KOONTZ, JR.
                                      June 8, 2007
COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

    In this appeal, we review a judgment of the Court of

Appeals of Virginia upholding the denial by a circuit court of a

criminal defendant's motion to withdraw her guilty pleas to

various charges filed pursuant to Code § 19.2-296 before

sentencing.

                          BACKGROUND

    On September 12, 2003, Harold Junior Justus and his

girlfriend Tina Justus filed criminal complaints in the Buchanan

County Juvenile and Domestic Relations District Court against

Patricia Ann Justus, the former wife of Harold Justus.[1]  The

complaints alleged that in the early morning hours of September

_____

    [1] Several individuals involved in this case share the
surname "Justus."  To avoid confusion, hereinafter we will refer
to the appellant, Patricia Ann Justus, as "Justus" and all other
parties by their given name and surname.  The record does not
reveal the relationship, if any, between Justus and Tina Justus,
nor is it clear upon what basis Tina Justus filed her criminal
complaint against Justus in the juvenile and domestic relations
district court, rather than the general district court.  See
Code § 16.1-228 (defining persons who are "Family or household
member[s]" for purposes of applying the criminal jurisdiction of
the juvenile and domestic relations district courts).

10, 2003 Justus forcibly entered Harold Justus' home, assaulted Harold Justus and Tina Justus, and caused damage to the home.

Following preliminary proceedings conducted in the juvenile and domestic relations district court, on October 13, 2003, Justus was indicted by a grand jury of the Circuit Court of Buchanan County for breaking and entering the home of Harold Justus in violation of Code § 18.2-91, for maliciously wounding Harold Justus and Tina Justus in violation of Code § 18.2-51, and for misdemeanor destruction of property in violation of Code § 18.2-137. As a result of the indictments, the juvenile and domestic relations district court lost jurisdiction over the cases, and its records were transferred to the circuit court. Thereafter, the circuit court appointed attorney Bruce Russell to represent Justus. Russell had been appointed previously by the juvenile and domestic relations district court to represent Justus in the proceedings conducted in that court.

On November 13, 2003, the cases arising from the four indictments were called on the circuit court's docket. In a proper effort to satisfy the requirements of Rule 3A:8(b) regarding the acceptance of pleas to criminal charges, the circuit court asked Justus, "Have you had . . . ample opportunity to speak with Mr. Russell concerning your pleas to these indictments?" Justus replied, "Briefly," and in response to further inquiry from the court indicated that she felt that

2

she required additional time to consult with Russell. The court advised Russell to consult further with his client while other cases on the docket were called.

Later in the day, the circuit court inquired whether Russell was ready to proceed with Justus' cases and another unrelated case in which Russell also was counsel. Russell replied that he had been consulting with his client in the other case and "didn't get a chance to speak to Ms. Justus." Russell then indicated that he did not "think that [it] will take more than a couple minutes" to consult with Justus. After briefly consulting with her in a jury room, Russell and Justus returned to the courtroom. The court asked Justus, "Have you talked with Counsel enough to be able now to give the Court your pleas of [sic] these four indictments?" Justus then responded, "Yes."

After entering a guilty plea to the indictment for destruction of property, Justus waived the reading of the other indictments and entered guilty pleas to all the charges. The circuit court then engaged Justus in a colloquy to determine whether she was entering the guilty pleas knowingly, intelligently, and voluntarily. Justus responded affirmatively to each of the court's questions with relevance to the issues raised in this appeal. Specifically, Justus agreed that she was satisfied with Russell's services, that she had discussed with him the possible defenses to the charges and the witnesses she

3

might call, that she was waiving her right to trial, and that she had committed the "acts charged in the indictments."

The Commonwealth called Harold Justus as its sole witness to testify about the events of September 10, 2003. Harold Justus recounted that he had discovered Justus attempting to enter his home through a bedroom window. He recounted that Justus then went to the living room door and "either hit the door and knocked it open, or kicked it open." Harold Justus testified that Justus was armed with a hammer and that a fight had ensued between Justus and Tina Justus and then between himself and Justus. The Commonwealth, without objection, was permitted to introduce through Harold Justus' testimony hospital records and photographs showing the injuries sustained by Harold Justus and Tina Justus and photographs of the damage to the living room door. Russell did not cross-examine Harold Justus.

At the conclusion of the hearing, the circuit court found Justus guilty of all the charges and directed that a presentence report be prepared. The Commonwealth then requested the court to enter an order directing that Justus, who had been at liberty on a recognizance bond pending her trial, have no contact with Harold Justus. When the court indicated that it would not permit Justus to remain free on her recognizance bond, Russell inquired whether the court would "consider the home electronic monitoring?" The court asked where Justus was living and

Russell replied, "I believe that up until today she was living with [Harold] Justus. But she informs me that she can stay with her grandmother." The court responded, "She was living with Mr. Justus?" Russell confirmed that this was the case. After a further colloquy among the court, Russell, and the Commonwealth, the court agreed to consider releasing Justus on home electronic monitoring if the arrangements could be made at the home of Justus' grandmother.

On January 28, 2004, two days before Justus' scheduled sentencing hearing, attorney Benjamin A. Street filed a motion for a continuance. In the motion, Street indicated that his firm had "just recently been retained by Ms. Justus' father to represent her in these matters, and will need additional time to prepare, investigate and otherwise get ready for any future hearings held herein." The circuit court granted the continuance without objection from the Commonwealth. Subsequently, the court entered an order permitting Russell to withdraw as Justus' counsel and permitting Street to continue as sole counsel of record.

On April 7, 2004, Street filed a motion pursuant to Code § 19.2-296 requesting that the circuit court permit Justus to withdraw her guilty pleas to the four indictments. In relevant part, the motion provided that:

Ms. Justus is innocent of the charges against her; she received inadequate counsel regarding whether or not to enter guilty pleas; her pleas were not based upon sound legal advi[c]e; her pleas were made without the benefit of discoverable information regarding Harold Justus' criminal history;[2] her pleas were made without her having sufficient time to consult with her attorney; her attorney failed to interview important witnesses in her case and otherwise investigate the facts and circumstances involving the offense; and substantial and compelling evidence exists which strongly suggests her innocence.

. . . .

Several compelling defenses exist for Ms. Justus in her cases. Specifically, Ms. Justus is prepared to call a witness who will provide testimony tending to show that Ms. Justus had permission to enter the premises in question because she had been living there for some time prior to the event and following the event.

The motion further provided that Justus would present evidence that Harold Justus and Tina Justus precipitated the altercation that resulted in their injuries and, consequently, that Justus had acted in self-defense.

In an affidavit attached to the motion, Sandra Sue Cook stated that Justus was residing in the home occupied by Harold Justus in September 2003. In another similarly attached

---

[2] Russell had filed a motion for discovery in the juvenile and domestic relations district court requesting, among other things, the criminal record of Harold Justus, who had been convicted of a felony. That court did not enter a discovery order and, Russell did not renew the motion in the circuit court. Accordingly, the failure of the Commonwealth to provide this evidence is not a viable issue in this appeal.

6

affidavit, Joyce Justus stated that she had driven Justus to Harold Justus' home on September 9, 2003, arriving shortly after midnight on September 10, 2003. Joyce Justus further stated, among other things, that Justus entered the home through the front door, that she subsequently observed Harold Justus assaulting Justus, and that Justus did not have a hammer either when she arrived or when she left the home.

On June 14, 2004, the circuit court conducted a hearing on Justus' motion to withdraw her guilty pleas. Although Street indicated that he was prepared to call witnesses in support of the motion, the court permitted Street to proffer the affidavits, and the hearing proceeded to argument of counsel.

Street contended, among other things, that Justus should be permitted to withdraw her guilty plea to the breaking and entering charge because the evidence would have shown she had resided in the home in September 2003 and, thus, she could not legally have been guilty of that offense. Had Russell properly advised her of this circumstance, Street contended that Justus would not have entered a plea of guilty to that charge. Similarly, Street contended that because a minimal investigation would have revealed evidence to support Justus' version of the events of September 10, 2003, Russell's failure to provide Justus with adequate representation resulted in her entering

7

guilty pleas to the malicious wounding charges when she could have presented a viable defense of self-defense.

The Commonwealth responded that "this is the wrong manner of proceeding with this . . . there's other avenues open to the defendant," presumably referring to a petition for writ of habeas corpus alleging ineffective assistance of counsel. The Commonwealth then recounted the substance of the guilty plea colloquy between the circuit court and Justus at the November 13, 2003 hearing, noting that Justus "never [told] the Court she's not ready to proceed, that [there] wasn't enough time to talk with her attorney, never makes . . . complaint that her attorney has never spoken with her enough . . . that burden is on her." Indicating that it "agree[d] with the Commonwealth's position here," the circuit court denied Justus' motion to withdraw her guilty pleas.

On September 7, 2004, the circuit court conducted a sentencing proceeding. At that hearing, Street renewed the motion to withdraw the guilty pleas, contending that, contrary to the Commonwealth's position at the prior hearing, "the analysis of whether the plea was voluntary or not is a . . . completely separate issue [from] whether there is evidence that would tend to exonerate" the defendant. He contended that the proper inquiry under Code § 19.2-296 was whether the plea had been entered inadvisedly. The court again denied the motion and

8

sentenced Justus to a total of 14 years incarceration, with 8 years suspended.[3]

The Court of Appeals of Virginia granted Justus' petition for appeal and subsequently affirmed her convictions in an unpublished opinion. Justus v. Commonwealth, Record No. 2439-04-3 (May 16, 2006). The Court acknowledged that a motion to withdraw a guilty plea made pursuant to Code § 19.2-296 before sentence is imposed is to be considered in view of our decision in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949). Addressing the proffered evidence of defenses that would have been available to Justus, and Russell's failure to adequately investigate these avenues of defending the case, the Court concluded that "the deficiency, if any, was [Justus'] failure to communicate with her attorney." Justus, slip op. at 6 (emphasis in original). The Court further noted that "[t]he record contains no indication regarding [Justus'] efforts, if any, to

_____

[3] In the same proceeding, Justus was subject to a probation revocation for a prior conviction, and the circuit court imposed the suspended portion of the sentence upon finding that Justus' conviction on the four indictments in this case was just cause to revoke her probation. In appealing her conviction on the indictments arising from the September 10, 2003 incident, Justus also seeks reversal of the probation revocation. Because the facts of the probation revocation are not relevant to the issues raised in this appeal, we need not recite those facts in this opinion. The circuit court by order entered on January 26, 2005 suspended the execution of that sentence pending appellate review of the issue presented in this appeal.

9

contact [Russell] to prepare for trial" but nonetheless during the guilty plea colloquy, Justus indicated to the trial court that she had been provided sufficient time to consult with Russell. Id. at 8.

Adopting the view of the Commonwealth that Justus' acknowledgment in the guilty plea colloquy that she had committed the acts charged in the indictments and was in fact guilty of those offenses could be weighed against the affidavits addressing her claims of the right to enter the home and self-defense, the Court of Appeals concluded that the trial court "was entitled to reject [the affidavits] as not credible" and affirmed the judgment of the circuit court. Id. at 9. We awarded Justus this appeal.

### DISCUSSION

While we have addressed the denial by a trial court of a motion to withdraw a guilty plea in many prior cases, of which Parris is the seminal statement of the law, more recently it has been within the jurisdiction of the Court of Appeals to review such cases in the first instance. See Williams v. Commonwealth, 263 Va. 189, 190, 557 S.E.2d 233, 234 (2002) (Order). Parris and our cases that preceded it, were decided under a former procedural rule, see former Rule 3A:25(d) (1974), which was codified in Code § 19.2-296 in 1975. 1975 Acts ch. 495. Although this case presents the first opportunity for this Court

10

to review a denial of a request to withdraw a guilty plea before entry of a final sentencing order since the ability of a defendant to do so was codified in 1975, Parris remains the standard for consideration and review of a motion made under the statutory provision, which for all intents and purposes is identical to the former procedural rule.

Code § 19.2-296 provides that "[a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea." Under the express terms of the statute, when the motion is made after entry of a final order imposing sentence or deferring the imposition of sentence, a defendant will be allowed to withdraw a guilty plea only while the case remains under the trial court's jurisdiction for twenty-one days and only "to correct [a] manifest injustice."

By contrast, the statute does not expressly provide the standard by which a trial court is to determine whether to grant a motion to withdraw a guilty plea when, as in this case, the motion is made before sentence has been imposed. However, logic dictates that the standard must be more liberal than the requirement of showing a manifest injustice. Cf. Lilly v.

11

Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978) (quoting Paradiso v. United States, 482 F.2d 409, 416 (3d Cir. 1973)) (holding that where the defendant "waited until after sentence had been imposed to move to withdraw his guilty plea," it was appropriate to apply the "'more severe standard'" of requiring a finding of a manifest injustice).

In Parris, we held that when the defendant makes a motion to withdraw a guilty plea prior to the imposition of sentence, the decision whether to grant that motion is committed to the discretion of the trial court, " '[b]ut such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.' "  189 Va. at 323-324, 52 S.E.2d at 873-74 (quoting Early v. Commonwealth, 86 Va. 921, 924, 11 S.E. 795, 796 (1890)).  Nonetheless, in contrast to the "manifest injustice" standard applied after a final sentencing order has been entered, when the motion is made before sentence has been imposed, we noted that

> "the withdrawal of a plea of guilty should not be
> denied in any case where it is in the least evident
> that the ends of justice will be subserved by
> permitting not guilty to be pleaded in its place.  The
> least surprise or influence causing a defendant to
> plead guilty when he has any defense at all should be
> sufficient grounds for permitting a change of plea
> from guilty to not guilty.  Leave should ordinarily be
> given to withdraw a plea of guilty if it was entered
> by mistake or under a misconception of the nature of
> the charge; through a misunderstanding as to its
> effect; through fear, fraud, or official
> misrepresentation; was made involuntarily for any

12

> reason; or even where it was entered inadvisedly, if
> any reasonable ground is offered for going to the
> jury."

Id. at 325, 52 S.E.2d at 874 (quoting 14 Am. Jur., Criminal

Law, sec. 287, 961 (1938)).  Thus, " 'the accused should be

permitted to withdraw a plea of guilty entered

[i]nadvisedly when application thereof is duly made in good

faith and sustained by proofs, and a proper offer is made

to go to trial on a plea of not guilty.' "  Id. at 325-26,

52 S.E.2d at 874 (quoting Abbott, Criminal Trial Practice

212 (4th ed. 1939)).  These principles guide our

determination whether a trial court abuses its discretion

in denying a motion to withdraw a guilty plea made pursuant

to Code § 19.2-296 prior to entry of a final sentencing

order.

We begin our analysis in this case by stressing the

obvious.  This is not a habeas corpus case in which ineffective

representation of counsel is asserted to establish that the

defendant did not enter constitutionally valid guilty pleas.

The Court of Appeals and the Commonwealth on brief in this

appeal, however, rely almost exclusively upon habeas corpus

jurisprudence to support the proposition that admissions made by

a defendant in a guilty plea and the attendant colloquy are

presumed to be valid and are not to be lightly set aside.  That

reliance is misplaced in the context of a Code § 19.2-296 motion

13

to withdraw a guilty plea prior to sentencing for several reasons.

First, when the case remains within the jurisdiction of the trial court to permit the withdrawal of a guilty plea, the presumptions that would favor the Commonwealth in a habeas proceeding simply do not apply. Second, when a defendant files a motion under Code § 19.2-296, he is necessarily seeking to repudiate the admission of guilt and some, if not all, of the admissions made in the guilty plea colloquy. Moreover, the proper granting of a motion to withdraw a guilty plea under this statute is not dependent upon a determination that the defendant failed to receive adequate legal representation from counsel.

As Parris instructs, in exercising its discretion to grant or deny a Code § 19.2-296 motion made prior to the entry of a final sentencing order, the trial court is to make that determination based on the facts and circumstances of the particular case. And, generally, "the withdrawal of a guilty plea should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place." Id. at 325, 52 S.E.2d at 874. Thus, the motion should be granted even if the guilty plea was merely entered "inadvisedly" when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case.

14

In this case, Justus does not contend, nor would the record support, that she entered her guilty pleas as a result of fraud, coercion, or undue influence. The thrust of her contentions that the circuit court abused its discretion in denying her motion to withdraw her guilty pleas, under the circumstances of this case, is that she could not be guilty of breaking and entering her own home and unlawfully causing damage to it and that she had a reasonable claim of self-defense against the malicious wounding charges. Such evidence presented at trial in the circuit court, if ultimately accepted by a jury, could support these contentions.

During the plea hearing, the circuit court clearly was made aware by Russell, her trial attorney at that time, that Justus was living with Harold Justus in the home she was accused of having burglarized and damaged. The affidavit of Sandra Sue Cook attached to the motion to withdraw Justus' guilty plea to these charges evidenced that Justus had resided in this home at the time of the alleged burglary. Neither counsel's representation nor Cook's affidavit are inherently incredible. Moreover, they provide support for absolute defenses to the charges because a person may not <u>unlawfully</u> break and enter a home in which she has the right to occupy or damage her own property.

15

With regard to the malicious wounding charges, the affidavit of Joyce Justus attached to Justus' motion provided an evidentiary basis for a claim by Justus of self-defense.  Again, the assertion by Joyce Justus that Justus had been attacked by Harold Justus and Tina Justus is not inherently incredible.

The Court of Appeals' emphasis on the absence of evidence in the record to show that Justus attempted to maintain contact with Russell and that she would have had prior knowledge of the evidence that would have provided a basis for defenses to the charges against her is not material to the proper inquiry whether the circuit court abused its discretion in denying Justus' motion to withdraw her guilty pleas.  The proper emphasis, in accord with Parris, is upon whether it is in the least evident that the ends of justice will be served by permitting Justus to withdraw her pleas of guilty and plead not guilty in their place.

Upon review of the record, we are of opinion that, under the circumstances of this case, the ends of justice would be served in permitting Justus to withdraw her guilty pleas and plead not guilty to the charges against her.  The record supports the conclusion that her motion to withdraw her guilty pleas was made in good faith and premised upon a reasonable basis for substantive, and not "merely dilatory or formal," defenses to the charges.  Accordingly, we hold that the circuit

16

court abused its discretion in not granting the motion and permitting Justus to withdraw her guilty pleas.

## CONCLUSION

For these reasons, we will reverse the judgment of the Court of Appeals, vacate the judgments of conviction, and remand to the Court of Appeals with instructions to remand to the circuit court with direction that Justus be permitted to withdraw her guilty pleas and to have the matter proceed to trial, if the Commonwealth is so advised.

We find no merit to the Commonwealth's argument that Justus has waived her claim to have the circuit court's revocation of her probation on an unrelated offense reversed in this appeal. The circuit court imposed the suspended portion of the sentence concurrently with the proceedings in this case. Justus' objections in the circuit court and her request for relief in her appeal in the Court of Appeals and in this Court clearly preserved the issue of whether the failure to permit her to withdraw her guilty pleas also implicated the circuit court's judgment to impose the suspended sentence based on the convictions arising from those pleas. See note 3, supra. Accordingly, we will also reverse the circuit court's judgment in this regard. The Commonwealth may file a petition for rule to show cause in order to seek revocation of the probation at a later date, if it is so advised.

<u>Reversed and remanded.</u>