COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia

RICHARD LAWAYNE GALLIMORE, S/K/A
  RICHARD LAWAYNE GALIMORE

 v.            Record No. 0251-07-2               MEMORANDUM OPINION[*] BY
                                                   JUDGE ELIZABETH A. McCLANAHAN
COMMONWEALTH OF VIRGINIA                          APRIL 15, 2008


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
J. Peyton Farmer, Judge Designate

(John D. Mayoras, Senior Assistant Public Defender, on brief), for
appellant.  Appellant submitting on brief.

Karri B. Atwood, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        While the jury was deliberating, appellant entered Alford guilty pleas to four charges:

carjacking, assault and battery of a law enforcement officer, felony eluding, and felony

destruction of property.  See North Carolina v. Alford, 400 U.S. 25 (1970).  Appellant contends

the trial court abused its discretion in denying his motion to withdraw his Alford pleas at

sentencing and in denying his motion for withdrawal of defense counsel due to a conflict of

interest.  We affirm the judgment of the trial court.

I.  Motion to Withdraw Alford Guilty Pleas

        Appellant argues that his motion to withdraw his guilty pleas pursuant to Code

§ 19.2-296 should have been granted because his trial counsel told him that if he pled guilty, he

would be sentenced only to the midpoint of the discretionary sentencing guidelines.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"[W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949); accord Justus v. Commonwealth, 274 Va. 143, 645 S.E.2d 284 (2007); Jones v. Commonwealth, 29 Va. App. 503, 513 S.E.2d 431 (1999); Hoverter v. Commonwealth, 23 Va. App. 454, 477 S.E.2d 771 (1996). See also Rakes v. United States, 231 F. Supp. 812 (W.D. Va. 1964); Eberhardt v. Robinson, 397 F. Supp. 378 (W.D. Va. 1975). This Court has noted previously that "we should reverse only upon 'clear evidence that [the decision] was not judicially sound.'" Jefferson v. Commonwealth, 27 Va. App. 477, 488, 500 S.E.2d 219, 225 (1998) (quoting Nat'l Linen Serv. v. Parker, 21 Va. App. 8, 19, 461 S.E.2d 404, 410 (1995) (brackets in original)).

The Supreme Court recently addressed motions to withdraw guilty pleas in Justus, 274 Va. 143, 645 S.E.2d 284. Justus pled guilty to breaking and entering and to malicious wounding, but then asked to withdraw her pleas pursuant to Code § 19.2-296. Id. at 148-49, 645 S.E.2d at 285-86. In support of her motion, she presented the trial court affidavits avowing that she lived in the house that she allegedly burgled and that she acted in self-defense after being assaulted upon entering her home. Both of these allegations, if true, were absolute defenses to the crimes with which Justus was charged. The trial court denied her motion.

The Supreme Court remanded the case for trial, explaining:

> The record supports the conclusion that her motion to withdraw her guilty pleas was made in good faith and premised upon a reasonable basis for substantive, and not "merely dilatory or formal," defenses to the charges.

Id. at 155-56, 645 S.E.2d at 290. The Justus Court concluded that an accused should be allowed to withdraw a guilty plea entered "[i]nadvisedly," when the motion is "made in good faith and

sustained by proofs." Id. at 153, 645 S.E.2d at 288 (brackets in original) (internal quotation marks and citation omitted).

Appellant's request to withdraw his guilty pleas was not made in good faith. Appellant first pled not guilty and proceeded to a jury trial. After the jury retired to deliberate, he made a motion to withdraw his not guilty pleas. Appellant alleged not only that counsel told him he could receive only the mid-point or below of the sentencing guidelines, but also that counsel failed to investigate and present mitigating evidence and failed to adequately prepare for trial. This was the second time appellant had alleged ineffective assistance of counsel during the trial without any proof of the same. Appellant did not have a viable or "reasonable" defense and never provided any "proofs" as required by Justus to support his allegations.[1] Id. at 154, 645 S.E.2d at 288. His substantive defense was one of mistaken identity with his sister testifying as to his alibi, but both Officer Jones and Barbara Robison identified appellant as being the person who assaulted Jones and took Robison's car. Deputy Jones witnessed the defendant take Robison's car and flee the scene. Therefore, he did not present a "reasonable basis for [a] substantive" defense. Id. at 155, 645 S.E.2d at 290.

The trial court properly exercised its discretion when it denied appellant's motion to withdraw his guilty pleas.

## II. Motion for Withdrawal of Defense Counsel

Appellant contends the trial court abused its discretion in denying his motion for withdrawal of defense counsel due to a conflict of interest. The granting or denial of a motion to allow counsel to withdraw rests in the sound discretion of the trial court. Payne v. Commonwealth, 233 Va. 460, 473, 357 S.E.2d 500, 508 (1987). "An actual conflict of interest

---

[1] While the trial court did announce that it would hear no additional information on the ineffective assistance of counsel claims, appellant neither objected nor asked that additional information be considered.

exists when the attorney's interests and the defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action.'" Moore v. Hinkle, 259 Va. 479, 487, 527 S.E.2d 419, 423 (2000) (quoting Cuyler v. Sullivan, 446 U.S. 335, 356 n.3 (1980)).

While appellant avers his counsel misinformed him as to the maximum sentence he could receive as the result of his Alford pleas, defense counsel denied misinforming appellant. Appellant argues that this "conflict of interest" prevented defense counsel from effectively arguing appellant's motion to withdraw his guilty pleas.

> When allegations [of misconduct by counsel] are supported by some credible evidence, disciplinary or criminal charges become more than mere threats, and the attorney has "reason to fear that vigorous advocacy on behalf of his client would expose him to criminal liability or any other sanction." Waterhouse v. Rodriguez, 848 F.2d 375, 383 (2d Cir. 1988). However, "a reviewing court cannot presume that the *possibility* for conflict has resulted in ineffective assistance of counsel." Cuyler v. Sullivan, 446 U.S. at 348 (emphasis added). The defendant must identify an actual conflict of interest. United States v. Lovano, 420 F.2d 769, 773 (2d Cir.), cert. denied, 397 U.S. 1071, 25 L. Ed. 2d 694, 90 S. Ct. 1515 (1970). Allegations of wrongdoing alone cannot rise to the level of an actual conflict unless the charges have some foundation.

United States v. Jones, 900 F.2d 512, 519 (2d Cir. 1990).

The trial court relied on the representations of counsel as to the positions of defense counsel and appellant, without taking additional evidence. Neither counsel nor appellant asked the trial court to consider additional information, and neither objected when the trial court announced that no additional evidence would be taken nor would any additional hearing be held. The trial court found "the record very clear that [appellant] understood what an Alford plea was." The record includes the court's discussion with appellant about the meaning of an Alford plea, which did not include any representation regarding his sentencing though the record reveals the appellant clearly knew he could potentially receive a life sentence by pleading not guilty and having a jury decide the case. The appellant told the court, "If I let a jury decide on this – on

this, I feel they might try to take the rest of my life from me, you know, I mean, that's as far as I'm – I'm feeling right now. So, you know, I wanted to – I enter the Alford plea under the carjacking. That's as plain as I can get it." The carjacking charge under Code § 18.2-58.1 carried with it, if convicted, a maximum sentence of life imprisonment.

The trial court did not abuse its discretion in denying appellant's motion to permit counsel to withdraw based on an alleged conflict of interest.

<u>Affirmed.</u>