COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


ANTONIO EWALL THOMPSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0893-08-2              JUDGE ROBERT J. HUMPHREYS
                                                    JULY 14, 2009

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                           James F. D'Alton, Jr., Judge

          Shaun R. Huband (Office of the Public Defender, on brief), for
          appellant.

          Virginia B. Theisen, Senior Assistant Attorney General (William C.
          Mims, Attorney General; Kathleen B. Martin, Senior Assistant
          Attorney General, on brief), for appellee.


        Antonio Ewall Thompson ("Thompson") appeals his conviction for distribution of a

controlled substance, in violation of Code § 18.2-248. Thompson argues that the circuit court

abused its discretion by denying his motion to withdraw his guilty plea. For the following

reasons, we disagree and affirm.

        Code § 19.2-296 states that "A motion to withdraw a plea of guilty . . . may be made . . .

before sentence is imposed." "[W]hether or not an accused should be allowed to withdraw a plea

of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound

discretion of the trial court and is to be determined by the facts and circumstances of each case."

Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). Thompson argues that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the circuit court abused its discretion by denying his motion to withdraw his guilty plea because he "has a reasonable defense."

In determining whether a motion to withdraw a guilty plea should be accepted, there is "[n]o fixed or definite rule applicable to and determinative of all cases." Id. However,

> "the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007) (quoting Parris, 189 Va. at 324, 52 S.E.2d at 873).

In Justus, the Supreme Court of Virginia emphasized that "the motion [to withdraw a guilty plea] should be granted even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case." Id. at 154, 645 S.E.2d at 289. In that case, the defendant pled guilty to breaking and entering and malicious wounding. Subsequently, the defendant sought to withdraw her plea because "she could not be guilty of breaking and entering her own home and unlawfully causing damage to it and that she had a reasonable claim of self-defense against the malicious wounding charges." Id. at 155, 645 S.E.2d at 289. At a hearing on the issue, the defendant proffered evidence to support those assertions. The trial court ultimately denied the defendant's request to withdraw her pleas. The Supreme Court reversed, holding that "[t]he record supports the conclusion that her motion to withdraw her guilty pleas was made in good

faith and premised upon a reasonable basis for substantive, and not 'merely dilatory or formal,' defenses to the charges." Id. at 155-56, 645 S.E.2d at 290.

Subsequent to the decision in Justus, we held that the standard used to determine whether a motion to withdraw a guilty plea should be granted "requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008) (citing Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90). We explained: "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. Thus, it is not enough that a defendant "proffers[] evidence of a reasonable basis for contesting guilt." Id. To prevail on a motion to withdraw a guilty plea, the defendant must also "establish a good-faith basis for making the guilty plea and later seeking to withdraw it." Id.

Here, Thompson argues only that the motion should have been allowed because he "has a reasonable defense." He does not offer a good-faith basis for seeking to withdraw the plea. The only basis that Thompson offered below was that "his guidelines have come out extremely high, much higher than we expected." The reason that the guidelines required a higher sentence than Thompson expected is that he failed to tell his attorney that he had a criminal record as a juvenile. Thompson did so, despite the fact that the court informed him that his juvenile record would be used to compute his recommended sentence under the guidelines.

Prior to accepting Thompson's guilty plea, the circuit court asked Thompson a series of questions to ensure that he fully understood the charge against him and that he had had sufficient time to discuss any possible defense with his attorney. At one point during the colloquy, the following exchange took place:

[Court]:        The recommendation is that you be sentenced to the low end of the sentencing guidelines. Have they been explained to you?

[Thompson]:  Yes, sir.

[Court]:        Do you know how they are calculated?

[Thompson]:  Yes, sir.

[Court]:        You understand whatever they come back, the Court will stay within this range if I accept this plea, which you may think you know what the actual figure is today, but if we find any more records, either here or any other state, and it will be factored in –

[Thompson]:  Yes.

[Court]:        – to the guidelines. You understand that? That includes any juvenile record as well.

[Thompson]:  Yes.

[Court]:        That is what you have agreed to?

[Thompson]:  Yes, sir.

In light of that exchange, Thompson's claim that "his guidelines have come out extremely high, much higher than we expected" is not a good faith reason to withdraw his guilty plea. As such, Thompson has failed to establish a good-faith basis as to why he pled guilty and later sought to withdraw his plea. Thus, the circuit court did not abuse its discretion by denying Thompson's motion.

For the foregoing reasons, we hold that the circuit court did not abuse its discretion by denying Thompson's motion to withdraw his guilty plea and affirm Thompson's conviction.

Affirmed.