COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake


MANDIAYE M. SENE

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1550-08-1                JUDGE RUDOLPH BUMGARDNER, III
                                                      JULY 28, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Christopher W. Hutton, Judge

        Charles E. Haden for appellant.

        Jennifer C. Williamson, Assistant Attorney General (William C.
        Mimms, Attorney General, on brief), for appellee.


        Mandiaye M. Sene appeals his conviction of rape, Code § 18.2-61.  He contends the trial

court erred in denying his post-sentence motion to withdraw his guilty plea and in denying his

motion for a bail bond pending his appeal.  Concluding the trial court did not err, we affirm.

        The defendant pled guilty[1] to rape.  In return for his plea, the Commonwealth moved to

*nolle prosequi* the related abduction charge.  During the detailed plea colloquy, the defendant

conceded he understood the charge against him, the elements of the crime, and his waiver of

certain rights by entering his plea.  The Commonwealth presented its evidence by stipulation,

and both the defendant and his attorney agreed to the evidence as summarized.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Defense counsel sought and received permission to characterize the defendant's plea as an Alford plea despite appellant's admission of guilt.  Virginia courts "treat Alford pleas as having the same preclusive effect as a guilty plea."  Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652 (2000) (citation omitted).

The victim was a twenty-eight-year-old, mentally retarded woman who had never been able to live outside her family home. She had a performance IQ of 57 and could not participate in many adult activities, such as reading or driving. She did work eight hours a week at T J Maxx where she unboxed and hung-up clothes. She could take the bus to work, but she had to wear a laminated card around her neck that contained bus route information and emergency phone numbers in case she got confused or lost.

While the victim was waiting at her bus stop to catch a bus to work, the defendant approached the victim whom he had never met before. He offered to give her a ride to work in his car. She got in his car, but the defendant drove to his home despite her insistence on needing to get to work. He took her out of his car, into his house, and up to his bedroom.

The victim became frightened and ceased talking. She did not know where she was, or how to get to work or to get home. The defendant handed the victim her cell phone. She played with it in a childlike fashion while the defendant proceeded to remove her pants and underpants. He had intercourse with her as she lay there holding the phone. The victim cried out, but the defendant continued to have intercourse with her as she became more frightened. She did not know how to free herself from the situation.

After the defendant completed the sex act, the victim again asked to be taken to her job. In response, the defendant pushed her onto her stomach and began having sex with her again. The victim again cried out in pain. Upon completing the sex act, the defendant stood up, went to the bathroom, washed, and dressed. The victim pulled on her clothes but was quiet and did not speak. The defendant put her into his car and drove her to the shopping center where he dropped her in front of T J Maxx. After being arrested and advised of his <u>Miranda</u> rights, the defendant admitted taking the victim from her bus stop to his home where he had sexual relations with her.

The trial court accepted the defendant's plea, heard the stipulated evidence, and found the defendant guilty of rape on April 3, 2008. It ordered a presentence report and continued the case to June 12, 2008 for a sentencing hearing. On that date, the trial court sentenced the defendant to twenty years in the penitentiary with five years suspended.

On June 30, 2008, over twelve weeks after entering his <u>Alford</u> guilty plea, the defendant moved to withdraw it. He also filed a notice of appeal and moved for bail pending appeal. The defendant sought to withdraw his plea because he was under the misapprehension that mere mental retardation was sufficient to negate capacity to consent. He maintained that he had not been aware of the holding in <u>Adkins v. Commonwealth</u>, 20 Va. App. 332, 345-46, 452 S.E.2d 382, 388-89 (1995) (holding that mentally retarded persons are not *per se* incapable of consenting to sexual intercourse), and that case afforded defenses of which he had not been aware.

The trial court found the questioning of the defendant before accepting his plea was substantial and the motion to withdraw the pleas came after sentencing. It denied the motion to withdraw the plea and also denied bail pending appeal due to the seriousness of the crime and the substantial penalty imposed.

"A motion to withdraw a plea of guilty or nolo contendere may be made *only before sentence is imposed* or imposition of a sentence is suspended." Code § 19.2-296 (emphasis added). To "correct manifest injustice," however, the statute includes an exception that "the court . . . may set aside the judgment of conviction and permit the defendant to withdraw his plea." <u>Id.</u>

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." <u>Parris v. Commonwealth</u>, 189 Va. 321, 324, 52 S.E.2d, 872, 873 (1949). At a minimum, every

motion to withdraw a guilty plea must be "made in good faith and sustained by proofs." Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007). These requirements protect the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court and preventing essentially futile trials. A trial court's discretion to grant the motion "will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense." Parris, 189 Va. at 323-24, 52 S.E.2d at 873-74.

A defendant must "affirmatively show" that an injustice has occurred, and not merely that an injustice "*might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis in original). "In examining a case for miscarriage of justice," courts determine whether the record contains "affirmative evidence of innocence or lack of a criminal offense." Tooke v. Commonwealth, 47 Va. App. 759, 765, 627 S.E.2d 533, 536 (2006) (citation omitted).

The defendant conceded during argument that the issue in this case is consent and the victim's ability to consent. The defendant also conceded that to satisfy the manifest injustice standard, he would have to show the evidence was insufficient to prove the victim did not, or could not, consent to having sexual intercourse with the defendant. The evidence that the victim met the statutory definition of being mentally incompetent[2] to give consent to the sexual act involved in the charge was abundant. Clearly, the victim did not understand the nature or consequences of the sexual act with the defendant.

In addition, the record supports the trial court's finding that the defendant knowingly and intelligently entered his plea of guilt. The defendant's assertions regarding possible defenses and

---

[2] Code § 18.2-67.10 defines "Mental incapacity" as "that condition of the complaining witness existing at the time of an offense under this article which prevents the complaining witness from understanding the nature or consequences of the sexual act involved in such offense and about which the accused knew or should have known."

his ignorance of the law do not rise to the statute's "more severe standard" applicable after sentencing, which requires the defendant to show denial of his motion would create a "manifest injustice." Justus, 274 Va. at 153, 645 S.E.2d at 288. Accordingly, the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea after sentencing.

The defendant also maintains the trial court erred in denying his request for bail pending appeal. This Court reviews a trial court's decision whether to grant bail post-conviction for abuse of discretion. "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997). "Appellate courts will not interfere with the discretionary decisions of a trial court unless it is clear that such discretion has been abused." Kennedy v. Commonwealth, 18 Va. App. 543, 549, 445 S.E.2d 699, 703 (1994). A trial judge's decision to grant or deny bail should take into consideration the evidence and the total record, including factors such as the "nature and circumstance of the offense, the fact of conviction, [and] the quantum of punishment assessed." Commonwealth v. Smith, 230 Va. 354, 363, 337 S.E.2d 278, 283 (1985). In addition, Code § 19.2-319 provides that if a defendant is convicted of a serious crime, which includes rape, and receives an active sentence, the trial court shall presume bail will not assure the appearance of the defendant or the safety of the public.

The defendant was convicted of a serious offense against a mentally vulnerable victim for which he received a substantial prison sentence. The defendant was a native of Senegal and only in this country for twenty months when he committed the offense. During sentencing he indicated he wanted to return to his home. Given the seriousness of the offense and the punishment imposed, the defendant posed a danger to the community and of absconding if he

remained at liberty while he appealed.  There was no abuse of discretion in refusing the

defendant's motion for bond pending appeal.

Accordingly, we affirm the conviction and the denial of bail.

<u>Affirmed.</u>