COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


KEITH LAMONT MACK

MEMORANDUM OPINION[*] BY
v.        Record No. 3031-08-2          JUDGE ROBERT J. HUMPHREYS
                                        SEPTEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Burnett Miller, III, Judge

Mufeed W. Said (Mufeed W. Said, P.L.L.C., on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Keith Lamont Mack ("Mack") appeals his convictions for several offenses stemming

from a home invasion and sexual assault. On appeal, Mack claims that the trial court abused its

discretion by refusing to allow him to withdraw his guilty pleas prior to sentencing. We disagree

with Mack and affirm his convictions.

On April 21, 2008, Mack pled guilty to burglary, in violation of Code § 18.2-90,

abduction, in violation of Code § 18.2-47, forcible sodomy, in violation of Code § 18.2-67.1, and

two counts of use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.

Prior to accepting Mack's pleas, the trial court engaged Mack in a lengthy plea colloquy. As part

of the colloquy, Mack stated that he understood that he faced two potential life sentences and ten

years in prison on the breaking and entering, sodomy and abduction charges and mandatory

sentences of three and five years on the firearm offenses. Mack also stated that there was no plea

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

agreement regarding sentencing, and that the court could sentence him "anywhere within the range of [the] maximum punishment."

Prior to sentencing, Mack moved to withdraw his guilty pleas. At a hearing on his motion, Mack explained that he wished to withdraw his guilty plea because at the time of the plea he was not aware 1) that his case was subject to "enhanced guidelines" and 2) that he could be declared a violent sexual predator.

Code § 19.2-296 states that "A motion to withdraw a plea of guilty . . . may be made [] before sentence is imposed." "[W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). Mack argues that the circuit court abused its discretion by denying his motion to withdraw his guilty plea because he was "rushed into pleading guilty," he did not understand the charges, and he had a reasonable defense to the charges.

In determining whether a motion to withdraw a guilty plea should be accepted, there is "[n]o fixed or definite rule applicable to and determinative of all cases." Id. However, if the motion is entered before sentence is imposed "logic dictates that the standard must be more liberal than the requirement of showing a manifest injustice." Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007). In addition,

> "the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason;

or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Id. (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874).

In Justus, the Supreme Court of Virginia emphasized that "the motion [to withdraw a guilty plea] should be granted even if the guilty plea was merely entered 'inadvisedly' when the evidence supporting the motion shows that there is a reasonable defense to be presented to the judge or jury trying the case." Id. at 154, 645 S.E.2d at 289. In that case, the defendant pled guilty to breaking and entering, malicious wounding and destruction of property. Subsequently, the defendant sought to withdraw her plea because "she could not be guilty of breaking and entering her own home and unlawfully causing damage to it and that she had a reasonable claim of self-defense against the malicious wounding charges." Id. at 155, 645 S.E.2d at 289. At a hearing on the issue, the defendant proffered evidence to support those assertions. The trial court ultimately denied the defendant's request to withdraw her pleas. The Supreme Court reversed, holding that "[t]he record supports the conclusion that her motion to withdraw her guilty pleas was made in good faith and premised upon a reasonable basis for substantive, and not 'merely dilatory or formal,' defenses to the charges." Id. at 155-56, 645 S.E.2d at 290.

Subsequent to the decision in Justus, we held that the standard used to determine whether a motion to withdraw a guilty plea should be granted "requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008) (citing Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90). We explained: "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. Thus, it is not enough that a defendant "proffer[s] evidence of a reasonable basis for contesting

- 3 -

guilt." Id. To prevail on a motion to withdraw a guilty plea, the defendant must also "establish a good-faith basis for making the guilty plea and later seeking to withdraw it." Id.

Here, Mack failed to establish a good-faith basis for seeking to withdraw his guilty plea. Mack's asserted bases for rescinding his plea are that the sentencing guidelines came out higher than he had expected and he was previously unaware that he might be classified as a sexually violent predator. However, during the plea colloquy, Mack specifically stated that he understood that there was no plea agreement regarding sentencing, and that the court could sentence him "anywhere within the range of [the] maximum punishment." Thus, Mack was clearly aware of the potential range of punishments available to the court at the time he pled guilty. As such, the fact that the sentencing guidelines recommended a higher sentence than Mack had hoped does not constitute a good faith basis for rescinding his plea.

Because Mack failed to establish a good-faith basis for seeking to withdraw his guilty plea, the trial court did not abuse its discretion by denying Mack's motion to withdraw his plea.

Affirmed.