PRESENT:  Kinser, C.J., Lemons, Goodwyn, Millette, McClanahan,
and Powell, JJ., and Russell, S.J.

GENE M. JOHNSON, DIRECTOR OF
THE DEPARTMENT OF CORRECTIONS
                                        OPINION BY
v.  Record No. 111937        SENIOR JUSTICE CHARLES S. RUSSELL
                                   September 14, 2012
ANTHONY LOUIS ANIS

              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      Daniel T. Balfour, Judge

     This appeal presents a question of the circumstances in

which a defendant in a criminal case, who has entered a guilty

plea, may be permitted to withdraw that plea and proceed to

trial on a plea of not guilty.  It involves the distinction that

applies when a motion to withdraw a guilty plea is made after,

rather than before, a sentence has been imposed.

     In 2006, Anthony Louis Anis entered an Alford plea of

guilty in the Circuit Court of Henrico County to an indictment

charging him with grand larceny.  At the plea colloquy, the

court asked him whether he was satisfied with the services of

his attorney.  Anis replied:  "I think he's been about the best

attorney I probably could have had."  The court found that the

plea was voluntarily and intelligently entered and found Anis

guilty.  The Commonwealth recommended an active sentence

equivalent to the time Anis had spent in jail awaiting trial,

four and one-half months.  Pursuant to that recommendation, the

court imposed a sentence of five years, with four years, seven months, and fifteen days suspended.

Within the 21-day period before the sentencing order became final, Anis informed his attorney that he wished to withdraw his guilty plea, plead not guilty and go to trial. His attorney later testified that he knew of no legitimate basis for withdrawal of the plea, but that he filed a motion to withdraw it on "ends of justice" grounds because of the shortness of the time the case would remain in the circuit court's jurisdiction. The court ultimately denied the motion in an order entered March 1, 2007, and Anis did not appeal.

Approximately twenty months later, on October 24, 2008, Anis filed a petition for habeas corpus in the circuit court. One of the claims made by the petition was that he had been denied the effective assistance of counsel because trial counsel had failed to base his motion to withdraw the guilty plea on the specific grounds of mistake, misunderstanding, fear, and misrepresentation, causing the plea to be entered "inadvisedly and involuntarily." The court declined to grant an evidentiary hearing and denied the petition, citing this Court's decision in Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

Anis appealed that decision to this Court. We awarded Anis an appeal and entered an order directing the circuit court to

conduct an evidentiary hearing to decide Anis' claims. Anis v. Johnson, Dir., Dep't of Corr., Record No. 092485 (April 23, 2010).

At the evidentiary hearing, Melvin Crawley testified that he was the owner of a commercial building in Henrico County upon which a new roof was being installed. There were three 5-ton air conditioning units on the roof which were in good working order. They were not to be disturbed by the roofers except to ensure that the rubberized seals around them remained intact. Crawley testified that his employee, George Gayles, called to inform him that someone was dismantling the air-conditioning units. Crawley came to the site and found Anis on the roof. Two of the units had been "gutted" and the third was partially dismantled. Anis told him that the "owner" had given him permission to remove the units. When Crawley told him "I'm the owner. I've never seen you before," Anis fled, jumping into his truck and driving away, nearly running over Gayles in the process. Crawley reported the event, including the truck's license number, to the police.

When arrested, Anis told the police that some "black guy" who was in charge of the roofing work had given him permission to remove the air conditioning units. His trial counsel testified that Anis had said his permission had come from "a

3

Mexican with a red bandanna." Anis could furnish no name, address, or contact information for this individual.[*]

Anis had two prior convictions for larceny. Trial counsel concluded that in the absence of any witness to corroborate Anis' account, and in view of his flight from the scene when confronted by the owner, and his prior larceny convictions, Anis' best choice would be an Alford plea in exchange for an agreed sentence recommendation of "time served" and the Commonwealth's agreement to nolle prosequi an additional charge of felony vandalism. Anis agreed with this recommendation and informed the court that he thought an Alford plea was his best option.

The circuit court granted Anis a writ of habeas corpus on his claim that trial counsel was ineffective for failing to allege the specific grounds of mistake, fear, misunderstanding and misrepresentation in his motion to withdraw the guilty plea. We awarded the Commonwealth this appeal.

In granting the writ, the court relied on Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007), and Parris v. Commonwealth, 189 Va. 321, 325, 52 S.E.2d 872, 874 (1949) (" '[t]he least surprise or influence causing a defendant

---

[*] Approximately five years after his arrest, at the evidentiary hearing, Anis testified that the previously unnamed man who had given him permission to remove the units was "clean-cut," was wearing a mustache and a ball cap, and was named "José."

4

to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of a plea from guilty to not guilty'").  The circuit court erred in applying that rule, which applies only before a sentence has been imposed. After sentencing, a more stringent standard has been imposed by the General Assembly.  Code § 19.2-296 provides:

> **Withdrawal of plea of guilty.** – A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

In Justus, we expressly pointed out this distinction.  274 Va. at 152-53, 645 S.E.2d at 287-88.

The term "manifest" is defined as being "synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident.  In evidence, that which is clear and requires no proof; that which is notorious."  Black's Law Dictionary 962 (6th ed. 1990) (emphasis added).

Anis testified at the evidentiary hearing that he had "been getting scrap metal for extra money."  The evidence was that the scrap value of the metal removed was at least $3,000 and that Crawley's replacement cost would be $25,000.  Anis made no denial of any facts except his claim that he had permission from an unknown person to remove the units.

5

If the case had gone to trial, Anis' sole defense would have been his own self-serving and uncorroborated testimony.  He would have been subject to cross-examination with regard to his changing accounts of the person who had allegedly given him permission, his precipitate flight from the scene when confronted by the owner, and his two prior larceny convictions. There was no evidence at the evidentiary hearing, or elsewhere in the record, to support a conclusion that Anis was denied the effective assistance of counsel or that manifest injustice occurred.

Because the circuit court applied an inapplicable standard in granting the writ, we will reverse the judgment appealed from and dismiss the writ of habeas corpus.

<u>Reversed and writ dismissed</u>.