COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Russell, Athey and Senior Judge Frank
Argued at Hampton, Virginia


RAYMOND ALEXANDER MARTIN

                                            MEMORANDUM OPINION* BY
v.        Record No. 1268-20-1              JUDGE CLIFFORD L. ATHEY, JR.
                                            MARCH 22, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

David B. Hargett (Hargett Law, PLC, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring,[1] Attorney General, on brief), for appellee.


Raymond Alexander Martin ("Martin") appeals the denial of his motion to withdraw his

guilty pleas in the Circuit Court of the City of Norfolk ("trial court"). On appeal, Martin argues

that the trial court erred in denying his motion and by viewing the evidence in the light most

favorable to the Commonwealth. For the following reasons, we affirm.

I. BACKGROUND

In early 2016, Martin and his brother, Tremaine Martin ("Tremaine"), were involved in

an altercation with Phillip Timmons ("Timmons") and Christopher Allen ("Allen") in a parking

lot fronting Waverly Way in the City of Norfolk. Multiple witnesses testified that Timmons,

Allen, and Martin engaged in an argument that eventually resulted in gunfire. Martin claims that

Timmons and Allen, who were armed, approached him and began threatening to shoot him.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

Martin also claims that he subsequently disarmed Timmons and fired at him in self-defense. Both Timmons and Allen sustained gunshot wounds during the confrontation. Allen died from his wounds, but Timmons survived.

A joint jury trial charging the brothers with crimes related to the shooting was scheduled to begin July 9, 2019. On the morning of the trial, Martin pled guilty to second-degree murder, use of a firearm during the commission of a felony, and malicious wounding. Prior to entering his guilty pleas, Martin executed a form titled "Advice to Defendants Pleading Guilty." In that form, Martin affirmed that: "I am pleading guilty because I am in fact guilty of this/these crime(s)." Martin was represented by appointed counsel at every stage of the proceedings, and the trial court engaged Martin in an extensive colloquy prior to accepting his guilty pleas. Following the acceptance of Martin's pleas, the trial court, consistent with the terms of a written plea agreement also executed by Martin, *nolle prosequied* two felony charges. Martin's attorney later proffered that she advised Martin to plead guilty because she expected the wounded Timmons, who was subpoenaed by the Commonwealth but not found, to testify during the trial and appear very sympathetic to the jury.

Tremaine pled not guilty that morning before going forward with the scheduled jury trial, which lasted three days. He was acquitted. Because Martin was a potential witness in his brother's trial, he remained in the courthouse lockup for a period of time during the initial phase of the trial.

Over a month later, Martin's attorney filed a motion asking permission for Martin to withdraw his guilty pleas. During the hearing on that motion, Martin's attorney proffered the following in support of her motion: (1) prior to the trial date, she had confirmed that the subpoena for Timmons had been issued and that no return had been made at that time; (2) that on the day before the scheduled trial, at a pretrial conference, the Commonwealth stated that they

were "not aware" of any issues with witnesses and that she advised Martin to accept the plea offer based upon that statement and her concerns about Timmons testifying; (3) she had remained in the courtroom during the initial phase of Tremaine's jury trial and learned that Timmons had not been cooperating with the Commonwealth for several months, had disappeared, and would not be testifying; (4) she subsequently approached the Commonwealth's attorney at the earliest opportunity to advise that she intended to file a motion to withdraw Martin's guilty pleas because she had not realized that Timmons was not present and available to testify in Martin's trial; and (5) that evening, Martin called his mother from the jail, saying that Tremaine was not involved, that he (Martin) should not have pled guilty, and that his attorney must have lied to him about Timmons' expected presence at trial. The Commonwealth did not dispute the proffered evidence.

The trial court subsequently denied the motion, finding Martin was trying to manipulate the justice system. It also found that the evidence presented at Tremaine's trial was "overwhelming" against Martin. Martin's attorney then filed a motion to reconsider the trial court's previous ruling. Following the hearing on the motion for reconsideration, the trial court denied the motion in a written opinion. The court expressly found that Martin had failed to show that he acted in good faith and had a reasonable defense and that allowing withdrawal would unduly prejudice the Commonwealth. The court subsequently sentenced Martin to fifty-five years but suspended twenty years.

## II. STANDARD OF REVIEW

When a defendant moves to withdraw his guilty plea before sentencing, "[t]he decision whether to allow a defendant to withdraw his plea 'rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" *Spencer v. Commonwealth*, 68 Va. App. 183, 186 (2017) (quoting *Parris v. Commonwealth*, 189 Va. 321,

324 (1949)). "Only when reasonable jurists could not differ can [an appellate court] say an abuse of discretion has occurred." *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). "[T]he phrase 'abuse of discretion' means that the circuit court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Ellis v. Commonwealth*, 68 Va. App. 706, 711 (2018) (alteration in original) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). Decisions about the "credibility of the witnesses and the weight to be given their evidence" cannot be reversed unless "plainly wrong, or without evidence to support" them. *Smith v. Commonwealth*, 65 Va. App. 288, 300 (2015) (quoting *Hoverter v. Commonwealth*, 23 Va. App. 454, 465 (1996)).

### III. ANALYSIS

Martin argues that he acted in good faith in filing the motion to withdraw his guilty pleas, that he had a reasonable defense to the charges, and that the withdrawal of his pleas would not have unduly prejudiced the Commonwealth. Because we defer to the trial court's factual finding that Martin did not act in good faith, we affirm.

As a preliminary matter, we reject Martin's argument that the trial court erred in viewing the evidence in the light most favorable to the Commonwealth. Although in a habeas corpus proceeding considerable deference is due to the truth of defendant's statements during the plea colloquy, the same is not true for motions to withdraw a guilty plea. *Justus v. Commonwealth*, 274 Va. 143, 154 (2007). The transcripts of the hearings on the original motion and the motion to reconsider demonstrate that Martin's counsel made this same point clear to the trial court, and the letter opinion did not rely on the legal standards governing habeas corpus proceedings. Instead, the trial court tied the facts directly to the legal standards applicable in motions to withdraw guilty pleas. Therefore, Martin has not overcome the presumption that "judges know

the law and correctly apply it." *White v. White*, 56 Va. App. 214, 217 (2010) (quoting *de Haan v. de Haan*, 54 Va. App. 428, 445 (2009)).

A circuit court must grant a pre-sentencing motion to withdraw if the defendant provides proof to meet each prong of a three-pronged test. *Justus*, 274 Va. at 153 (citing *Parris*, 189 Va. at 325). First, the defendant must demonstrate that he or she is acting in good faith. *Brown v. Commonwealth*, 297 Va. 295, 299 (2019). Second, the defendant must prove that he or she has a reasonable defense that justifies taking the case to trial. *Justus*, 274 Va. at 153. Third, the defendant must establish that allowing withdrawal of the plea would not unduly prejudice the Commonwealth. *Small v. Commonwealth*, 292 Va. 292, 298 (2016). The first prong is dispositive here. A trial court should only grant a motion to withdraw a guilty plea if "it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made." *Brown*, 297 Va. at 299 (quoting *Parris*, 189 Va. at 324).

In the oral ruling on the motion to withdraw the guilty pleas, the trial court said that "at his brother's trial . . . Martin appeared to be kind of calculating the whole thing. I remember him looking at his mom during the trial as far as what he wanted to do and perhaps trying to cause a mistrial with regard to the case." The court concluded that Martin pled guilty because of the overwhelming evidence against him, "not because . . . he thought [Timmons] was going to" testify at trial. Ultimately, the court concluded Martin had not met his burden to demonstrate that his decision to attempt to withdraw the pleas was made in good faith.

In its letter opinion explaining the ruling on Martin's motion to reconsider, the trial court additionally based its finding of a lack of good faith on two distinct grounds. We need only address the first ground here, which was that Martin was trying to manipulate the system. The

- 5 -

letter opinion noted that even though Martin's attorney wanted to withdraw the pleas as soon as she found out that Timmons was not present and the Commonwealth had lost track of him, Martin himself did not express any regret about his decision to plead guilty until after the first full day of trial. He did not file the motion to withdraw his pleas until more than a month after the trial. Although the trial court acknowledged "the unclear timing in which Martin formed the intent to withdraw the Guilty Plea," the court did not retract its earlier factual finding that Martin lacked good faith and instead indicated it still believed Martin was manipulating the system.

On these facts, we cannot say that no reasonable jurist could have decided that Martin failed to demonstrate his good faith. There were indications that Martin tried to manipulate the system and only wanted to withdraw his guilty pleas after he learned how things were going in his brother's trial. Therefore, the trial court did not abuse its discretion in its factual finding that Martin failed to demonstrate that he had the requisite good faith to withdraw his guilty pleas.

Since the defendant bears the burden of establishing all three prongs of the test to prevail, we need not address the two remaining prongs because "the doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available." *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (internal quotation marks omitted) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)).

IV. CONCLUSION

We therefore affirm the denial of Martin's motion to withdraw his guilty pleas.

*Affirmed.*