COURT OF APPEALS OF VIRGINIA

Present:    Judges Haley, Beales and Alston
Argued at Alexandria, Virginia


JAMES SAMUEL WILLIAMS
                                                              OPINION BY
v.        Record No. 2524-10-4                    JUDGE JAMES W. HALEY, JR.
                                                              DECEMBER 13, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Marcus D. Williams, Judge

Bradley R. Henson, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


I.  INTRODUCTION

James Samuel Williams (hereinafter, "defendant") maintains the trial court abused its

discretion in denying his motion to withdraw his plea of guilty to a felony.  We affirm.

II.  BACKGROUND

On May 18, 2009, the grand jury in Fairfax County indicted defendant for abduction with

intent to defile, in violation of Code § 18.2-48.  On June 14, 2010, in an unrelated case, a jury in

Fairfax County found defendant guilty of rape, forcible sodomy, and attempted forcible sodomy.

The jury recommended two life sentences and nine years in the penitentiary.  Defendant was

scheduled to have a jury trial in the instant case on June 28, 2010.  A plea offer was extended to

defendant on Friday, June 18, 2010.  Defense counsel discussed the plea with defendant over the

weekend and again on Monday, June 21.  On June 21, defense counsel emailed the

Commonwealth to indicate that defendant would make an Alford guilty plea to the charge and

would accept a sentence of *15 years active imprisonment to run concurrent* with the sentence imposed in the rape case.[1] *Thus, defendant knew he would receive no further period of incarceration.* On June 22, defendant signed a written plea agreement entitled, "Alford Plea of Guilty to a Felony." The plea agreement states, in pertinent part:

> My attorney has discussed with me the nature and elements of the offense and has advised me as to any possible defenses I might have in this case. I have had ample time to discuss the case and all possible defenses with my attorney.
>
> My attorney has advised me that the punishment which the law provides is as follows: *A maximum of life imprisonment and a minimum of 20 years imprisonment and a fine of not more than $100,000 . . . .*
>
> \* \* \* \* \* \* \*
>
> I understand that by pleading guilty I waive my right to an appeal and that, while I am not admitting guilt, I do admit that the evidence against me is overwhelming and substantially negates any claim of innocence I may have and that the only issue to be decided by the Court is punishment.
>
> The following plea agreement is submitted: *Commonwealth and Defendant agree to a period of active incarceration of 15 years, to run concurrent with the active incarceration from FE-2009-1046.*
>
> \* \* \* \* \* \* \*
>
> After having discussed the matter with my attorney, I do freely and voluntarily enter a plea of guilty pursuant to <u>Alford v. North Carolina</u> to the offense of *Abduction with Intent to Defile, (VA Code § 18.2-48), FE-2009-905,* and waive my right to a trial by jury and request the Court to hear all matters of law and fact.

---

[1] When offering an <u>Alford</u> plea, a defendant asserts his innocence but admits that sufficient evidence exists to convict him of the offense. <u>See</u> <u>North Carolina v. Alford</u>, 400 U.S. 25, 37-38 (1970); <u>see also</u> <u>Parson v. Carroll</u>, 272 Va. 560, 565, 636 S.E.2d 452, 454-55 (2006) (describing effect of <u>Alford</u> plea in Virginia). Virginia courts "treat <u>Alford</u> pleas as having the same preclusive effect as a guilty plea." <u>Perry v. Commonwealth</u>, 33 Va. App. 410, 412, 533 S.E.2d 651, 652 (2000) (citation omitted). As a result, they are often termed "<u>Alford</u> pleas of guilty." <u>Malbrough v. Commonwealth</u>, 275 Va. 163, 168, 655 S.E.2d 1, 3 (2008).

In light of the foregoing, the parties agreed that the matter would be advanced on the docket to June 23, 2010, from the original trial date of June 28, 2010. On June 23, defendant entered the Alford plea in open court. At that time, the trial court conducted a colloquy with defendant in which the following statements were made:

> THE COURT: Do you understand the charge against you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed the charge with your attorney and do you understand what the Commonwealth must prove to have you found guilty beyond a reasonable doubt?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed with your attorney any possible defenses that you might have to this charge?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you entering this plea of guilty freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.

The prosecutor then proffered the evidence which follows.

The victim worked at a bakery. She would ride the bus part-way to work and then walk or get a ride with a co-worker for the remainder of the way. On January 15, 2009, the victim got off the bus and tried to use the pay phone at the 7-Eleven nearby to call her boyfriend to see if her co-worker would be driving to work that day. The pay phone did not work so she crossed the street to Walgreens to wait and see if her co-worker would show up. Eventually, the victim decided to walk to work.

As the victim was walking, defendant approached her driving a red SUV. Defendant stated that he had noticed her earlier using the phone at the 7-Eleven, but the victim ignored him and kept walking. Defendant then asked the victim if she wanted to use his cell phone. The

victim accepted and called her boyfriend using defendant's phone. The boyfriend informed the victim that he was unable to reach the victim's co-worker regarding the ride to work.

After the phone call, the victim returned defendant's phone and he then asked her if she needed a ride. The victim accepted and got into the front passenger seat of the car. The victim told defendant where she worked, but on the way defendant turned into a residential neighborhood. The victim told defendant to let her out and tried to open her door, but it was locked. She began to cry, and defendant held her arm and kept driving for an additional two or three minutes. Defendant then stopped the car on a residential street and proceeded to touch the victim's upper thigh near her hip over her clothing. Next, defendant touched the victim's vaginal area over her clothing, saying, "Let's see what you've got there." The victim yelled and tried to hit defendant. He restrained her forearms and proceeded to move into the seat on top of her. She again asked him to let her go and exclaimed that she was pregnant. At that point, the passenger door came open and the victim was able to break free and run away from the car.

Fairfax County police were notified about this incident, and they obtained surveillance footage from the Walgreens, which showed the victim walking through the parking lot and being followed by the red SUV. The victim's boyfriend showed the police the phone number that came up on his phone when the victim had called him earlier. The police were able to run this number through various databases and identified the number as belonging to defendant. The police contacted defendant via phone that same day, and defendant returned the call. Defendant said he figured the police were contacting him because of the incident that morning with the victim. Defendant agreed to come down to the station to meet with the police.

Defendant claimed that the lady approached him to ask to use his cell phone since the pay phone did not work. He said that he allowed her to use his cell phone but defendant did not admit that any sexual touching had occurred. A few days later, defendant contacted the police

- 4 -

and said that he wanted to talk some more about the matter. Defendant then interviewed at the station and eventually admitted to touching the victim in the crotch area over her clothing. Defendant said he had backed off when he learned that she was pregnant and told her that he was not trying to hurt her. Defendant also wrote a letter apologizing to the victim for his behavior that day.

When the trial court questioned defendant about the Alford plea at his change of plea hearing, defendant agreed that the evidence of his guilt was substantial and overwhelming and he wished to avoid a trial. The trial court accepted the Alford plea, agreeing that "the evidence [presented by the prosecutor] is substantial and overwhelming." The trial court entered a conviction order, ordered a presentence report, and scheduled a sentencing hearing.

Three weeks later, on July 14, 2010, defendant filed a motion to withdraw his guilty plea. In support of his motion, defendant argued that at the time of his plea he was in "shock, dismay, even hopelessness of the fact that he had just been sentenced by a jury to such harsh sentences." Notwithstanding this argument, defendant does not maintain that his plea was constitutionally infirm.

With respect to his defense to the charges, defendant stated, through his attorney, that while he was driving the victim to work, she requested to use his phone. However, the phone had a bad signal and the victim requested that defendant pull off into a residential neighborhood in an attempt to get better reception. While in this neighborhood, the victim continued to use defendant's phone. Defendant grew tired of the victim's use of his phone because he needed to get to work. He decided to get her attention, and she became frustrated and annoyed. Consequently, the victim damaged his property by throwing his cell phone and she then exited the car. In sum, defendant's proffered defense was that he did not detain the victim, see Code

§ 18.2-47, and that the victim's statement to the contrary was false. The challenge, thus, was one of credibility.

The trial court denied defendant's motion to withdraw his guilty plea and sentenced defendant to 40 years imprisonment, with 25 years suspended, to run concurrent with the active incarceration from case number FE-2009-1046.

### III. ANALYSIS

On appeal, defendant claims the trial court erred in not allowing him to withdraw his guilty plea. We hold the trial court did not err in refusing defendant's motion to withdraw his plea.

### Overview

The Virginia Supreme Court in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949), made the "seminal statement" of Virginia law governing "the denial by a trial court of a motion to withdraw a guilty plea." Justus v. Commonwealth, 274 Va. 143, 152, 645 S.E.2d 284, 288 (2007). Parris held that a timely motion should not be denied "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" so long as "any reasonable ground is offered for going to the jury." Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74. To warrant withdrawal of the guilty plea, therefore, the motion must be "'made in good faith and sustained by proofs'" justifying a trial on the merits. Justus, 274 Va. at 153-54, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874).[2]

---

[2] Parris does not require a showing that the guilty plea was involuntary in any constitutional sense or the result of ineffective assistance of counsel. As a result, the "presumptions that would favor the Commonwealth in a habeas proceeding" do not apply "when the case remains within the jurisdiction of the trial court to permit the withdrawal of a guilty

The Parris standard thus requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt. Justus, 274 Va. at 155-56, 645 S.E.2d at 289-90. "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008). As Parris explained, a trial court's discretion to grant the motion "'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Justus, 274 Va. at 153, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74).

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris, 189 Va. at 324, 52 S.E.2d at 873. "'As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea.'" Zigta v. Commonwealth, 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). Appellate review under an abuse-of-discretion standard, "if nothing else, means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (citation omitted). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006).

---

plea." Justus, 274 Va. at 154, 645 S.E.2d at 289. For this reason, a good-faith guilty plea could be entered ill-advisedly (but nevertheless voluntarily) and still be a permissible candidate for a motion to withdraw so long as the Parris criteria are satisfied. Id.

<u>Did the Trial Court Abuse its Discretion in Denying Defendant's<br>Motion to Withdraw his Plea?</u>

Defendant argues that he should have been permitted to withdraw his guilty plea on the ground that it was ill-advised because he was in fear at the time it was made. In support of his position, defendant seizes upon the following language from <u>Parris</u>:

> The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.

<u>Parris</u>, 189 Va. at 325, 52 S.E.2d at 874.

To address defendant's contention, the Court finds instructive the case of <u>Coleman v. Commonwealth</u>, 51 Va. App. 284, 657 S.E.2d 164 (2008). In <u>Coleman</u>, the defendant was charged with a number of felony and misdemeanor counts. <u>Id.</u> at 286, 657 S.E.2d at 165. Eventually, the defendant and the prosecutor filed a "written agreed disposition" with the court, which the court accepted. <u>Id.</u> at 287, 657 S.E.2d at 166. Pursuant to that agreement, the defendant entered guilty pleas to some of the charges, and the remaining charges were *nolle prosequied*. <u>Id.</u> However, a few days prior to his sentencing date, the defendant filed a motion to withdraw his guilty pleas. <u>Id.</u> The reason given by the defendant was that he had pled "out of fear" because he was afraid of receiving a life sentence. <u>Id.</u> at 288, 657 S.E.2d at 166. The trial court denied the motion, and the defendant appealed. <u>Id.</u>

We affirmed, explaining:

> Obviously, every guilty plea is the product of some influence on a defendant. Every defendant faces the fear of sentencing. Each defendant considers the "pros" and "cons" of his or her plea and makes a decision based on the factors, or "influences," that are important to that person. Therefore, "the

least influence" and "fear" cannot include fear of sentencing alone. Otherwise, courts would always have to grant motions to withdraw guilty pleas. Such a result would run contrary to the historic discretion of trial courts discussed by the Supreme Court in Parris.

Id. at 290-91, 657 S.E.2d at 167.

As support for this proposition, we cited Alford, in which the United States Supreme Court explained:

[A] plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment . . . . The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.

North Carolina v. Alford, 400 U.S. 25, 31 (1970).

In light of the foregoing, we held, "[t]herefore, in the context of a motion to withdraw a guilty plea, proof that a defendant has the natural fear of a life sentence certainly is not sufficient by itself to require that a trial court grant that motion." Coleman, 51 Va. App. at 291, 657 S.E.2d at 168. Applying Coleman to the facts of this case, it is clear that defendant's argument that he should be permitted to withdraw his plea because he was fearful of receiving a life sentence must fail. This conclusion is reinforced by the fact that defendant knew, prior to entering his plea, exactly what his sentence was going to be and that it would run concurrent to his sentence in the earlier case.

Notwithstanding the foregoing, defendant's argument also fails because he has not proffered evidence of a reasonable basis for contesting guilt, as required by Parris and its progeny. As mentioned, *supra*, to warrant withdrawal of a guilty plea, the motion must be "'made in good faith *and sustained by proofs*.'" Justus, 274 Va. at 153-54, 645 S.E.2d at 288 (emphasis added) (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874). "Th[is] second requirement defeats motions to withdraw which would result in an essentially futile trial."

Cobbins, 53 Va. App. at 35, 668 S.E.2d at 819.  Here, the only "proof" offered by defendant to establish his basis for contesting guilt is his challenge to the victim's statement concerning her detention within the car.

We note that the defense proffer fails to mention anything about defendant touching the victim's clothing over her vagina – an act which defendant admitted to during police questioning.  Defendant argues on brief that his failure to mention the unlawful touching in his proffer should be construed as an "implicit[] disavow[al] [of] his statement to the police."

We decline to accept defendant's invitation to hold that his proffer constitutes a reasonable defense.  A "reasonable defense," one sufficient to withdraw a guilty plea, is one based upon a proposition of law, see Justus, 274 Va. at 155, 645 S.E.2d at 289 (defendant "could not be guilty of breaking and entering her own home"), or one supported by credible testimony, supported by affidavit, see Parris, 189 Va. at 324, 52 S.E.2d at 873 ("[A]ffidavits disclose that when the plea was made, accused had reason to believe, and did believe, that . . . [an event would subsequently occur] and the prosecution be terminated.").  It is a defense which reasonably supports the defendant's proffer:  it is not a defense that is based solely upon a challenge to the credibility of a victim's testimony, especially when a defendant has admitted to the substance of such testimony.  To hold otherwise would raise a bare challenge to the credibility of a victim or witness to that standard, one "sustained by proofs," necessary to permit the withdrawal of a plea of guilty.  Such a challenge does not suffice.

In light of the foregoing, defendant's argument fails under both prongs of Parris.  Namely, defendant has failed to establish a good faith basis for seeking to withdraw his plea and, further, he has failed to proffer evidence of a reasonable basis for contesting guilt.  Therefore, we conclude that the trial court properly exercised its discretion when it denied defendant's motion to withdraw his guilty plea.

The judgment of the circuit court is affirmed.

<u>Affirmed.</u>