COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


HANSEN DWAYNE FIELDS, JR.

MEMORANDUM OPINION* BY
v.      Record No. 1644-11-2      JUDGE ROSSIE D. ALSTON, JR.
MAY 15, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

John W. Parsons for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Hansen Dwayne Fields, Jr. (appellant) entered a guilty plea for possession of cocaine in

violation of Code § 18.2-250, which the trial court accepted.  Prior to sentencing, appellant

sought to withdraw his guilty plea, but the trial court denied his motion.  On appeal, appellant

argues that the trial court erred in denying his motion to withdraw his guilty plea.  We affirm.

I.  BACKGROUND

On May 16, 2011, a grand jury in Henrico County indicted appellant for possession with

intent to distribute cocaine in violation of Code § 18.2-248.  If convicted, appellant faced a

sentence of five to forty years' imprisonment.  Code § 18.2-248(C).  In exchange for appellant's

guilty plea and waiver of trial, the Commonwealth reduced his charge to the lesser offense of

possession of cocaine in violation of Code § 18.2-250.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At his scheduled trial date on June 15, 2011, appellant pled guilty to possession of cocaine. During the Boykin colloquy,[1] he affirmed that he understood the charge against him and that he "made [a] choice to plead guilty on [his] own, freely and voluntarily after [he] talked with [his] lawyer." Appellant asked to be sentenced on the same day he was entering his plea of guilty and initially indicated that he did not know the penalties associated with being found guilty of the offense. Upon this representation, the trial court permitted appellant to consult with his counsel, and thereafter, appellant affirmed that he then understood the penalty he faced. The trial court informed appellant that the sentencing guidelines were not guaranteed "to be the term but that's just the options" that were available for sentencing.

Appellant asked the trial court if he could "have a trial today" and was informed that he could, but the Commonwealth would withdraw its plea offer and charge him with possession with intent to distribute. After appellant initially indicated that he would like a trial, the trial court informed him "[t]hat's a more serious crime. You might want to talk to your lawyer about that first." Since appellant still indicated that he wanted a trial on the more serious charge, the trial court permitted a brief recess upon the motion of appellant's counsel.

After the recess, appellant affirmed he was satisfied with the services of his counsel, understood the rights he was giving up, and "kn[ew] what the penalties are that [the trial court] could use if [it] wanted to." Appellant also again affirmed that he "made this choice to plead guilty freely and voluntarily on [his] own after [he] talked with [his counsel] because [he was], in fact, guilty."

After this exchange, the Commonwealth proffered a summary of the evidence. The summary of the evidence indicated that police initiated a traffic stop on the car appellant was driving when the Department of Motor Vehicles records for the license plate on the car did not

_____

[1] Boykin v. Alabama, 395 U.S. 238 (1969).

match the vehicle type. The vehicle did not stop immediately and continued forward. One police officer witnessed the driver of the vehicle, later discovered to be appellant, drop a white plastic bag out of his window. The officer radioed a nearby second officer to assist with pursuit of the vehicle. While one officer waited with the discarded bag, the other officer stopped appellant's vehicle. In the discarded plastic bag, police discovered nine individually-wrapped rocks of what they suspected to be crack cocaine. Five of these rocks subsequently tested positive for cocaine, weighing a combined 1.004 grams. The Commonwealth proffered that all of the events described occurred in Henrico County, and during a trial, it would have produced both officers and the laboratory report.

Appellant's counsel confirmed this summary was acceptable, and the Commonwealth introduced the narcotics into evidence. The trial court determined that the evidence was sufficient and found appellant guilty. The trial court set a sentencing date for July 13, 2011, and appellant was denied bond because of prior convictions for possession of illegal narcotics.

At the sentencing hearing on July 13, 2011, appellant's counsel made a motion to withdraw appellant's guilty plea and asked to withdraw as counsel. The Commonwealth opposed appellant's motion to withdraw his guilty plea, stating that appellant bore the burden of showing a change in circumstances that would permit the trial court to withdraw appellant's earlier guilty plea.

The trial court permitted an examination of appellant. During this examination, appellant admitted that he had earlier pled guilty and understood that if his guilty plea were withdrawn, he would remain in custody and likely be charged with the more serious offense of possession with intent to distribute. Thereafter, appellant stated that he wished to withdraw his guilty plea because he was innocent and his "lawyer led [him] to believe that if [he] pled guilty to a lesser

- 3 -

charge that [he] would be released." Appellant argued that his counsel "lie[d] because the offense carries one to ten years."

Appellant also asserted that he received the Commonwealth's response to his motion for discovery the same day as the June 15, 2011 hearing, when, according to appellant, "by law you're supposed to have your motion of discovery ten days before . . . your court date." Contrary to appellant's representations, the record revealed that appellant's counsel filed a motion for discovery on March 29, 2011, and the Commonwealth filed a discovery response on April 15, 2011. Appellant conceded that his counsel read him this response, and the Commonwealth's discovery response stated that appellant previously made statements to police, *inter alia*, that "he didn't know what the officer was talking about when asked why he threw the bag out the car window." During the examination, appellant also conceded that his counsel had told him that police "had seen [him] throw something out the window."

On cross-examination, appellant affirmed that when he pled guilty, he "knew that [he was] looking at penitentiary time based on the guidelines the Commonwealth provided as well as what the [trial court] told [him] the applicable penalty was." When asked if anything had changed since the last hearing, appellant stated that he felt his counsel was insufficient.

On re-direct, appellant asserted that he wanted to withdraw his guilty plea because he "didn't have anything on [him]," and if police did witness him throw something out of the vehicle window, "then they have police [cameras] on the car . . . [which] should in fact [have] seen [him] throw it as well."

The trial court denied appellant's motion to withdraw his guilty plea. The trial court sentenced appellant to five years' imprisonment and suspended all but eighteen months of the sentence imposed. This appeal followed.

## II. ANALYSIS

"The decision to allow a defendant to withdraw his guilty plea rests 'within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" Williams v. Commonwealth, 59 Va. App. 238, 246, 717 S.E.2d 837, 840 (2011) (quoting Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949)). "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005)).

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

"[T]he statute does not expressly provide the standard by which a trial court is to determine whether to grant a motion to withdraw a guilty plea when . . . the motion is made before sentence has been imposed." Justus v. Commonwealth, 274 Va. 143, 153, 645 S.E.2d 284, 288 (2007). "However, logic dictates that the standard must be more liberal than the requirement of showing a manifest injustice." Id. In Justus, the Court stated that

> "[l]eave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

Id. (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874).

Following Justus, this Court clarified a two-part test to determine when a defendant has met his burden of justifying withdrawal of an earlier guilty plea. See Williams, 59 Va. App. at

- 5 -

246, 717 S.E.2d at 840. "[T]o warrant withdrawal of a guilty plea, the motion must be 'made in good faith and sustained by proofs.'" Id. at 249, 717 S.E.2d at 842 (emphasis omitted) (quoting Justus, 274 Va. at 153-54, 645 S.E.2d at 288). This "standard thus requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." Id. at 246, 717 S.E.2d at 840. In Williams, this Court further underscored the policy considerations supporting these two requirements: "[t]he first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. (quoting Cobbins v. Commonwealth, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008)). In this case, appellant has offered no evidence to satsify either part of this Court's test from Williams.

A. Good-Faith Basis for Withdrawing Guilty Plea

Appellant has failed to establish any of the grounds for good faith laid out in Justus. See Justus, 274 Va. at 153, 645 S.E.2d at 288. At the outset, we note that "a trial court's discretion to grant the motion [to withdraw a guilty plea] 'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Williams, 59 Va. App. at 246, 717 S.E.2d at 840 (quoting Justus, 274 Va. at 153, 645 S.E.2d at 288).

As required by Boykin, the trial court in the instant case established on the record that appellant's guilty plea was intelligent and voluntary. See also Appendix (Form 11) to Rule 3A:8. The Boykin colloquy is designed to ensure that "[t]he accused's awareness of the constitutional rights he waives and his understanding of the nature of the charge and the consequences of his plea . . . appear on the record." Ronald J. Bacigal, Virginia Practice: Criminal Procedure § 15:3 (2011-2012). Of course, "[w]hen a defendant files a motion under Code § 19.2-296, he is necessarily seeking to repudiate the admission of guilt and some, if not

- 6 -

all, of the admissions made in the guilty plea colloquy." Justus, 274 Va. at 154, 645 S.E.2d at 289. However, the content and quality of this colloquy is one of many facts and circumstances to be considered in each case. See Parris, 189 Va. at 324, 52 S.E.2d at 873.

Here, the trial court conducted a thorough and meaningful discussion with appellant regarding the significance and consequences associated with appellant's decision to enter a guilty plea to the lesser charge of possession of cocaine. Despite his initial hesitation, appellant twice affirmed during the Boykin colloquy he was pleading guilty and was doing so freely and voluntarily after consultation with his attorney. Appellant's assertion that his counsel led him to believe he would not receive any term of imprisonment is without merit. Not only was appellant permitted a recess with his counsel to discuss the penalty of conviction prior to being found guilty, but the trial court explicitly told appellant that it had a range of sentences it could impose. Moreover, appellant affirmed at the July 13, 2011 hearing that he knew he was "looking at penitentiary time" based on information from both the Commonwealth and the trial court.

Further, we find appellant's claim of ineffective assistance of counsel as a basis for withdrawing his guilty plea similarly unavailing.[2] Prior to his second guilty plea at the June 15, 2011 hearing, the trial court asked appellant if he was satisfied with the services of his counsel. Appellant unequivocally stated that he was. Both of his guilty pleas during that hearing were accompanied by affirmations by appellant that he had an opportunity to consult with counsel. Given the proffered evidence against appellant, his counsel secured a favorable plea bargain that resulted in eighteen months' active sentence, instead of the potential forty years appellant faced

---

[2] We note that generally claims of ineffective assistance of counsel are not viable on direct appeal. Blevins v. Commonwealth, 267 Va. 291, 296, 590 S.E.2d 365, 368 (2004); Lenz v. Commonwealth, 261 Va. 451, 460, 544 S.E.2d 299, 304 (2001); Johnson v. Commonwealth, 259 Va. 654, 675, 529 S.E.2d 769, 781 (2000); Roach v. Commonwealth, 251 Va. 324, 335 n.4, 468 S.E.2d 98, 105 n.4 (1996).

if he had gone to trial on the charge of possession with intent to distribute cocaine.[3]

Accordingly, appellant failed to establish a good-faith basis for withdrawing his guilty plea.

### B.  Reasonable Evidence for Withdrawing Guilty Plea

Even assuming *arguendo* appellant did present a good-faith basis for withdrawing his guilty plea, our review of the trial court's analysis in this regard shows that it did not err. Appellant's evidentiary claim on appeal centers on an unsubstantiated claim around the *possible* existence of a police videotape showing that appellant did not discard the narcotics.[4]

Appellant argues that there *may* be a videotape from a police vehicle that shows that he did not drop the bag containing narcotics from his car, as the police officer alleged.  A defendant does not proffer reasonable evidence justifying withdrawal of a guilty plea merely by speculating as to what evidence *might* exist.  Rather, a defendant must both make some affirmative showing that evidence *actually* exists which could allow a jury to find him not guilty.  See Williams, 59 Va. App. at 246, 717 S.E.2d at 840.  To hold otherwise would essentially permit a defendant to enter a guilty plea for the "merely dilatory" purpose of securing additional time to mount a stronger defense or to more fully discover the Commonwealth's evidence against him, based on the proffer at the plea hearing.[5]

---

[3] "The voluntariness of [a defendant's] plea can be determined only by considering all of the relevant circumstances surrounding it.  One of these circumstances [is] the possibility of a heavier sentence following a guilty verdict at trial."  Brady v. United States, 397 U.S. 742, 759 (1970) (internal citation omitted).

[4] Although not explicitly raised on brief, appellant also argued at trial that he received the Commonwealth's discovery response less than ten days prior to his hearing.  Rule 3A:11(d) requires that a discovery motion by the accused must be made at least ten days before trial, but not that the Commonwealth's response must be given at least ten days before trial.  In any event, the record shows that the Commonwealth filed its answer to appellant's motion for discovery in the instant case on April 15, 2011, two months prior to appellant's June 15, 2011 hearing.

[5] This concern is of particular importance in light of Rule 3A:11, which provides criminal defendants with only *limited* discovery of the Commonwealth's evidence in felony cases.  See Hackman v. Commonwealth, 220 Va. 710, 713, 261 S.E.2d 555, 558 (1980) (discussing Rule 3A:14, the predecessor rule to Rule 3A:11); see also Rule 3A:11(b).

"A 'reasonable defense,' one sufficient to withdraw a guilty plea, is one based upon a proposition of law . . . or one supported by credible testimony, supported by affidavit." Id. at 249, 717 S.E.2d at 842 (citation omitted). The record in the case at bar does not show that any videotape recording the events in question exists, let alone a videotape affirmatively showing that appellant did not drop the bag from his car. It is not enough for appellant to speculate that a videotape might exist and that if it did, its contents might assist in appellant's case. As a result, appellant has failed to proffer a reasonable defense sufficient to withdraw his guilty plea.

### III. CONCLUSION

The record affirmatively shows that appellant's guilty plea was "entered freely and intelligently." Mason v. Commonwealth, 14 Va. App. 609, 612, 419 S.E.2d 856, 858 (1992). Moreover, appellant "has failed to establish a good faith basis for seeking to withdraw his plea and, further, he has failed to proffer evidence of a reasonable basis for contesting guilt." Williams, 59 Va. App. at 249-50, 717 S.E.2d at 842. Therefore, we conclude that the trial court did not err when it denied appellant's motion to withdraw his guilty plea.

Affirmed.