COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

LARRY MAURICE WHITE

MEMORANDUM OPINION[*] BY
v.      Record No. 0212-13-1      JUDGE GLEN A. HUFF
DECEMBER 17, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

B. Cullen Gibson for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


Larry Maurice White ("appellant") appeals a ruling of the Circuit Court of the City of

Norfolk ("trial court") denying appellant's motion to withdraw his guilty plea. The trial court

found appellant guilty of robbery, in violation of Code § 18.2-58, and sentenced him to fourteen

years' incarceration in the Department of Corrections with ten years suspended. On appeal,

appellant asserts that the trial court abused its discretion in refusing to allow appellant to

withdraw his guilty plea prior to sentencing. For the following reasons, this Court affirms the

judgment of the trial court.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

Just after midnight on May 5, 2010, appellant encountered the victim walking home from work. Appellant demanded that the victim give him $20 and said that he would use a .380 caliber handgun if the victim did not cooperate. The victim gave appellant two $20 bills, two packs of cigarettes, and his cell phone. Appellant then took the victim's wallet.

After the encounter, the victim ran two blocks to Officer D.M. Chaney ("Chaney"), who had just initiated a traffic stop, and reported the robbery. Chaney broadcasted a description of appellant over the radio. As the information was being broadcasted, K-9 Officer J.M. Losee ("Losee") saw appellant crossing Princess Anne Road heading south. When appellant ignored Losee's commands to stop, Losee released his dog to subdue appellant. The police found $140 cash and one pack of the victim's cigarettes on appellant's person. They also recovered the victim's cell phone in the bushes next to where appellant was apprehended. The police then retraced appellant's flight path where they found the victim's wallet, but they did not find a gun on appellant's person or in the vicinity of his flight path.

Shortly after appellant was taken into custody, the police conducted a show up of appellant with the victim, who immediately identified appellant as the person who robbed him. Appellant was charged with one count of robbery, one count of use of a firearm in the commission of a felony, and one count of possession of a firearm by a convicted felon.

The trial court appointed Duncan St. Clair ("St. Clair") to represent appellant. St. Clair and the Commonwealth's attorney reached a plea agreement whereby appellant would plead guilty to the robbery charge, and the Commonwealth would move to *nolle prosequi* the two remaining charges. Additionally, the Commonwealth agreed that appellant would not receive an active jail sentence above the midpoint of the sentencing guidelines. Along with signing the plea

agreement, appellant signed a form entitled "Advice to Defendants Pleading Guilty," wherein appellant represented that he was pleading guilty freely and because he was in fact guilty.

At the plea hearing colloquy, appellant testified that he was pleading guilty freely and because he was in fact guilty. Appellant also testified that he understood the plea agreement called for an active sentence of no more than the midpoint of the sentencing guidelines and that he was satisfied with the services of St. Clair. After this colloquy, the trial court accepted appellant's guilty plea, finding that it was entered freely, voluntarily, and intelligently with an understanding of the charge and consequences of the plea.

Thereafter, the trial court discussed the possibility of combining the sentencing hearing with appellant's pending revocation proceeding. During this discussion, the Commonwealth's attorney represented to the trial court that the midpoint of the sentencing guidelines would be "[a]pproximately [nineteen] years and three months." The trial court then granted the Commonwealth's motion to *nolle prosequi* appellant's other two charges.

After the plea hearing, appellant wrote a letter to the trial court in which he complained that St. Clair had improperly induced him to accept the plea agreement. Among other things, appellant claimed that St. Clair told him that his sentence would "be cap[ped at] no more than [seven] years . . . ." Appellant also alleged that when the Commonwealth's attorney mentioned that the sentence could be as high as nineteen years and three months, appellant immediately asked St. Clair about it, who responded that the Commonwealth's attorney "told the judge 19 years and three months because [the judge] wouldn't have accepted my plead [sic] . . . ." After appellant's letter was filed in the trial court, St. Clair filed a motion to withdraw as appellant's counsel. The trial court granted St. Clair's motion and appointed Jennifer Stanton ("Stanton") to represent appellant.

Stanton filed a motion to withdraw appellant's guilty plea pursuant to Code § 19.2-296.[1] The motion alleged that St. Clair had falsely promised appellant that the sentence would be "between [three] and [seven] years . . . ." At the hearing, appellant's mother testified that she was present when St. Clair told appellant that the sentence would be "no more than about [three] to [five] years." She further testified that upon hearing this, she urged appellant to plead guilty. Appellant's brother also testified that St. Clair had indicated that appellant's sentence would be "[three] to [five] years."

Testifying on his own behalf, appellant asserted that St. Clair "promised me he was going to get me three years . . . ." Appellant also testified that during the plea hearing, he asked St. Clair about the nineteen years and three months cap mentioned by the Commonwealth's attorney, and St. Clair responded that the "[Commonwealth's attorney] had to sell it to the judge [because the judge] was not going to buy the three years."

At the conclusion of appellant's testimony, the trial court asked appellant what his defense was to the robbery charge, and appellant responded that his defense had not "been fully prepared because I'm focusing on this right here trying to vacate this plea, but I'm not guilty. I'm maintaining my innocence. I did not rob [the victim]." In response to another question by the trial court, however, Stanton responded that appellant's defense to the robbery charge was that he was exercising his common law right to reclaim his property.

---

[1] Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Testifying for the Commonwealth, Michelle Mordue ("Mordue"), an attorney who practiced with St. Clair, stated that she met with appellant on December 22, 2011 to discuss his case. In response to questions by the trial court, Mordue testified that the victim owed appellant money for a bag of marijuana appellant sold the victim a couple weeks before the incident. Mordue also stated that appellant told her he was keeping the victim's cell phone "hostage until he got the money . . . for the marijuana."

St. Clair testified that he never told appellant that he would only receive a sentence of three to five years. Rather, St. Clair said that he told appellant that his best guess of the midpoint of the sentencing guidelines was "around 16 to 17 years." On cross-examination, however, Stanton played a tape of a recorded conversation where appellant asked St. Clair, "what did they say about the three to five," and St. Clair responded, "[i]t's only going to be three."

At the conclusion of the hearing, the trial court noted that appellant repeatedly lied regarding the entry of his guilty plea and that, absent corroboration of his testimony, "I'm not inclined to believe him." The trial court also expressed great concern, however, about St. Clair's statement to appellant in the phone conversation that appellant's sentence under the plea agreement was "only gonna be three" years. The trial court consequently decided to conduct an additional hearing on appellant's motion to withdraw his guilty plea.

Before this second hearing, appellant filed a supplemental memorandum in support of his motion. In this memorandum, appellant "reluctantly concede[d]" that his claim of right defense "may not have a valid legal basis . . . if the money was owed due to an illegal debt . . . ." Consequently, after the second hearing, the trial court issued a seven-page letter opinion in which it initially found that appellant entered his guilty plea in good faith, finding as a fact that "St. Clair led appellant to believe that he would receive no more than a three year to five year sentence." The trial court further found, however, that appellant failed to meet the second

requirement to withdraw his guilty plea because he did not present evidence of a reasonable defense. In so holding, the trial court found that appellant did not have a valid claim of right defense because the claim arose from an illegal debt. Accordingly, the trial court denied appellant's motion to withdraw his guilty plea.

On January 4, 2013, the trial court sentenced appellant to fourteen years with the Department of Corrections with ten years suspended, stating, "St. Clair has tied my hands . . . [if] I give him any more than the three to five that he was promised, it's certainly going to get reversed and sent back here." This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court abused its discretion by refusing to allow appellant to withdraw his guilty plea under Code § 19.2-296. Specifically, appellant argues the plea was not entered freely, voluntarily, and intelligently with an understanding of the charge and consequences. The Commonwealth, however, responds by arguing that the trial court did not abuse its discretion because appellant does not have a reasonable defense to justify withdrawing the guilty plea and going to a trial on the merits.

### A. Code § 19.2-296

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). "'As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea.'" Zigta v. Commonwealth, 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). Appellate review under an abuse of discretion standard, "if nothing else, means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753,

607 S.E.2d 738, 743, <u>adopted upon reh'g en banc</u>, 45 Va. App. 811, 613 S.E.2d 870 (2005).

"Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."

<u>Tynes v. Commonwealth</u>, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006).

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The "Supreme Court in <u>Parris v. Commonwealth</u>, 189 Va. 321, 52 S.E.2d 872 (1949), made the 'seminal statement' of Virginia law governing 'the denial by a trial court of a motion to withdraw a guilty plea.'" <u>Williams v. Commonwealth</u>, 59 Va. App. 238, 245, 717 S.E.2d 837, 840 (2011) (quoting <u>Justus v. Commonwealth</u>, 247 Va. 143, 152, 645 S.E.2d 284, 288 (2007)). In <u>Parris</u>, the Supreme Court held that a timely motion should not be denied "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" so long as "any reasonable ground is offered for going to the jury." <u>Parris</u>, 189 Va. at 324-25, 52 S.E.2d at 873-74. To warrant withdrawal of a guilty plea, a defendant's motion must be "'made in good faith and sustained by proofs'" justifying a trial on the merits. <u>Justus</u>, 274 Va. at 153-54, 645 S.E.2d at 288 (quoting <u>Parris</u>, 189 Va. at 325-26, 52 S.E.2d at 874).

Accordingly, "[t]he <u>Parris</u> standard . . . requires [a] defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." <u>Cobbins v. Commonwealth</u>, 53 Va. App. 28, 34-35, 668 S.E.2d 816, 819 (2008) (citing <u>Justus</u>, 274 Va. at 155-56, 645 S.E.2d 289-90). "The first requirement protects the integrity of the judicial process by precluding defendants from using a

- 7 -

guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. Indeed, a trial court's discretion to grant the motion "'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Id. (quoting Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74).

In the present case, the trial court found that appellant had a good faith basis for entering a guilty plea and later seeking to withdraw it, finding as fact that St. Clair led appellant to believe he would only receive a "three to five" year sentence under the plea agreement. The trial court nevertheless denied appellant's petition to withdraw his guilty plea on the ground that appellant did not have a reasonable defense to justify going to a trial on the merits.

At the first hearing on appellant's motion to withdraw his guilty plea, appellant proffered that his defense to the robbery charge was that he was exercising his common law right to reclaim his property. Before the second hearing, however, appellant conceded in a supplemental memorandum that he did not have a valid claim of a defense because the money owed him was based on an illegal debt. Consequently, appellant is barred from arguing on appeal that he has a valid claim of a defense to justify going to a trial on the merits. See Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (A criminal defendant "'may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" (quoting Cangiano v. LHS Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006))).

Appellant presented no evidence of any other defense to justify withdrawing his plea as is required under Code § 19.2-296. Accordingly, the trial court did not abuse its discretion in denying appellant's motion.

B. Due Process

Notwithstanding the above, appellant argues that he should have been allowed to withdraw his guilty plea because it was obtained in violation of due process. Specifically, appellant argues that he did not enter the plea knowingly, intelligently, and voluntarily with an understanding of the charge and consequences. This argument, however, was not properly preserved for this Court's consideration on appeal.

Rule 5A:18 provides, in relevant part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)).

"Under settled principles, the 'same argument must have been raised, with specificity, at trial before it can be considered on appeal.'" Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004)). "'Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" Id. (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*)).

In the present case, appellant's due process argument was not properly preserved for this Court's consideration on appeal because appellant did not allege a violation of his due process rights before the trial court. Consequently, the trial court never had an opportunity to rule intelligently on the issue. Rule 5A:18 therefore bars this Court's consideration of appellant's due process argument as a basis for reversal. See Jones v. Commonwealth, 29 Va. App. 503, 520-21,

513 S.E.2d 431, 440 (1999) (holding that an appellant's failure to raise his constitutional due process argument before the trial court on his motion to withdraw a guilty plea barred him from raising the argument before this Court on appeal).

Furthermore, appellant does not argue that this Court should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not consider Rule 5A:18 exceptions *sua sponte*. <u>Edwards</u>, 41 Va. App. at 761, 589 S.E.2d at 448.

### III.  CONCLUSION

For the foregoing reasons, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.  Accordingly, we affirm the trial court.

<u>Affirmed.</u>