COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

CORDARO RAYEZ PARHAM

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0290-13-1                       JUDGE GLEN A. HUFF
                                                       DECEMBER 17, 2013
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          David F. Pugh, Judge

        Charles E. Haden for appellant.

        Donald E. Jeffrey, III, Senior Assistant Attorney General
        (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
        appellee.


        Cordaro Rayez Parham ("appellant") appeals a ruling of the Circuit Court of the City of

Newport News ("trial court") denying appellant's motion to withdraw his guilty pleas to twelve

felony charges.[1]  Following a hearing, the trial court denied appellant's motion and continued the

matter for sentencing, where appellant was sentenced to an aggregate of 125 years' incarceration

in the Department of Corrections with 87 years suspended.  On appeal, appellant contends that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to a plea agreement, appellant pled guilty to the following twelve felony
charges:  three counts of abduction in violation of Code § 18.2-47, one count of statutory
burglary with intent to commit murder, rape, or robbery while armed with a deadly weapon in
violation of Code § 18.2-90, one count of robbery in violation of Code § 18.2-58, one count of
attempted robbery in violation of Code §§ 18.2-26 and 18.2-58, one count of aggravated
malicious wounding in violation of Code § 18.2-51.2, one count of possession of a firearm by a
convicted felon in violation of Code § 18.2-308.2, and four counts of use of a firearm in the
commission of a felony in violation of Code § 18.2-53.1.
        During the hearing on appellant's motion to withdraw his guilty pleas, however, the
Commonwealth decided to *nolle prosequi* one of the charges because it was identified by an
incorrect case number in the plea agreement.  Consequently, appellant was only convicted and
sentenced on eleven felony charges.

the trial court erred in refusing to allow him to withdraw his guilty pleas pursuant to Code § 19.2-296 because he was pressured into pleading guilty by his family, and the plea agreement contained material errors which demonstrated there was never a meeting of the minds. For the following reasons, this Court affirms the judgment of the trial court.

## I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On November 1, 2012, pursuant to a plea agreement, appellant entered guilty pleas to twelve felony charges, of which he was ultimately convicted on eleven. In accordance with the terms of the plea agreement, the Commonwealth moved to *nolle prosequi* another ten felony charges, but the parties did not have an agreed upon sentencing disposition. Instead, the Commonwealth reserved its right to recommend an active period of incarceration within the statutory limits. During the plea hearing colloquy, appellant represented that he understood the charges against him and the maximum statutory sentence he could receive for each charge. Further, appellant testified that he was pleading guilty freely and because he was in fact guilty. Accordingly, the trial court accepted appellant's guilty pleas, finding they were entered freely, intelligently, and voluntarily with an understanding of the nature of the charges and the consequences.

Thereafter, the trial court discovered an error in the plea agreement and heard a joint motion to amend this error on November 28, 2012. According to the plea agreement, the case number for one of the felony charges was "1676-12," but the correct case number for this felony was actually "1679-12." Otherwise, the original agreement was to remain unchanged. When the

Commonwealth asked the trial court to require appellant to sign the amended plea agreement with the corrected case number, however, appellant responded by stating that he never wanted to accept the plea agreement and was forced into doing so by his attorney. The trial court subsequently granted a motion by appellant's attorney to withdraw as counsel and appointed James S. Ellenson ("Ellenson") in his stead.

Ellenson filed a motion to withdraw appellant's guilty pleas, which was heard on January 7, 2013. At this hearing, appellant first argued that the entire plea agreement should be jettisoned because there was never a true "meeting of the minds." In support of this argument, appellant asserted that the mistyped case number in the plea agreement was a material error and the plea agreement should therefore be set aside. Second, appellant argued he should be allowed to withdraw his pleas because he was pressured into accepting the plea agreement by his family and attorney. In support of his second argument, appellant testified that after he initially decided not to accept the plea agreement, his attorney became upset and convinced appellant's family to pressure appellant into accepting the plea agreement. Appellant's grandmother similarly testified that after speaking with appellant's attorney, she met appellant in the jail and convinced him to accept the plea agreement.

The trial court rejected appellant's first argument regarding the error in the plea agreement, finding that the mistyped case number was a non-material, scrivener's error.[2] Nevertheless, the Commonwealth decided to *nolle prosequi* the charge which contained the scrivener's error. In regards to appellant's second argument, the trial court initially assumed, without deciding, that the guilty pleas were entered in good faith and as a result of undue influence. The trial court still denied

---

[2] A scrivener's error is "[a]n error resulting from a minor mistake . . . . Among the boundless examples of [scrivener's] errors are . . . typing an incorrect number . . . ." Black's Law Dictionary 622 (9th ed. 2009).

appellant's motion, however, on the ground that appellant never proffered evidence of a reasonable defense to justify withdrawing his guilty pleas under Code § 19.2-296. This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred in refusing to allow appellant to withdraw his guilty pleas pursuant to Code § 19.2-296. In support of this argument, appellant alleges that he was pressured into pleading guilty by his family and the error in the plea agreement demonstrated that there was never a meeting of the minds. The Commonwealth responds by arguing that the trial court did not err because appellant never proffered evidence of a reasonable defense to justify going to a trial on the merits.

The decision to allow a defendant to withdraw his guilty plea rests "within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). "'As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea.'" Zigta v. Commonwealth, 38 Va. App. 149, 153, 562 S.E.2d 347, 349 (2002) (quoting Parris, 189 Va. at 325, 52 S.E.2d at 874). Appellate review under an abuse of discretion standard, "if nothing else, means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006).

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty or nolo contendere may be
> made only before sentence is imposed or imposition of a sentence
> is suspended; but to correct manifest injustice, the court within
> twenty-one days after entry of a final order may set aside the
> judgment of conviction and permit the defendant to withdraw his
> plea.

The "Supreme Court in Parris v. Commonwealth, 189 Va. 321, 52 S.E.2d 872 (1949), made the 'seminal statement' of Virginia law governing 'the denial by a trial court of a motion to withdraw a guilty plea.'" Williams v. Commonwealth, 59 Va. App. 238, 245, 717 S.E.2d 837, 840 (2011) (quoting Justus v. Commonwealth, 247 Va. 143, 152, 645 S.E.2d 284, 288 (2007)). In Parris, the Supreme Court held that a timely motion should not be denied "if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" so long as "any reasonable ground is offered for going to the jury." Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74. To warrant withdrawal of a guilty plea, a defendant's motion must be "'made in good faith and sustained by proofs'" justifying a trial on the merits. Justus, 274 Va. at 153-54, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 325-26, 52 S.E.2d at 874).

Accordingly, "[t]he Parris standard . . . requires [a] defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, and (ii) to proffer evidence of a reasonable basis for contesting guilt." Cobbins v. Commonwealth, 53 Va. App. 28, 34-35, 668 S.E.2d 816, 819 (2008) (citing Justus, 274 Va. at 155-56, 645 S.E.2d 289-90). "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. Indeed, a trial court's discretion to grant the motion "'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Id. (quoting Parris, 189 Va. at 324-25, 52 S.E.2d at 873-74).

Appellant argues that he should have been permitted to withdraw his pleas under Code § 19.2-296 because he faced undue pressure from his family and attorney and there was an error in the plea agreement. In so arguing, appellant seizes upon the following language from Parris:

> Withdrawal of a guilty plea should not be denied when it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty.

Parris, 189 Va. at 325, 52 S.E.2d at 874.

In the present case, appellant testified that after he informed his attorney that he was not going to plead guilty, his attorney became "upset with his decision-making" and convinced appellant's family to pressure appellant into accepting the plea agreement. Indeed, appellant's grandmother testified that after talking with appellant's attorney, she met with appellant and convinced him to plead guilty.[3] Assuming, without deciding, that appellant entered his pleas in good faith because he was unduly influenced by his family, the trial court still did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas because appellant failed to proffer a reasonable defense to justify a trial on the merits.

Indeed, appellant does not even argue in the alternative that he has a reasonable defense to justify going to trial. Instead, appellant argues that he is not required under Parris to proffer evidence of a reasonable defense in order to withdraw his guilty pleas. This argument fails, however, because it is contradicted by a long line of cases interpreting Parris, from both the Supreme Court and this Court, that have consistently required defendants to proffer evidence of a reasonable defense before a motion to withdraw a guilty plea will be granted. E.g. Bottoms v. Commonwealth, 281 Va. 23, 704 S.E.2d 406 (2011); Justus, 274 Va. 143, 645 S.E.2d 284; Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368 (1952); Booker v. Commonwealth, 61 Va. App. 323, 734 S.E.2d 729 (2012); Williams, 59 Va. App. 238, 717 S.E.2d 837.

---

[3] Appellant does not argue, or cite any authority in support of the proposition, that the scrivener's error in the plea agreement constitutes an independent basis for reversing the trial court's decision. Rather, appellant refers to the scrivener's error in support of his assertion that his guilty pleas were entered in "good faith" for the purposes of Code § 19.2-296.

### III.  CONCLUSION

Therefore, this Court holds that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas under Code § 19.2-296 because appellant failed to proffer evidence of a reasonable defense to justify going to a trial on the merits.  Accordingly, we affirm the trial court.

<u>Affirmed.</u>